Per Curiam.

We think that the statute of 1785, c. 24, upon which the qui tarn action is founded, is repealed, i“ not by St. 1800, c. 57, (which seems to have a different object in view,) yet certainly by St. 1817, c. 191, which appears to cover the whole subject matter of the statute of 1785. By the statute of 1817 the selling of tickets in any *169 vltery not granted or permitted by this commonwealth, js prohibited under a new penalty ; and where the legislature impose a second penalty for an offence, whether smaller or larger than the former one, a party cannot be allowed to sue on one or the other at his option. This point of a repeal by implication is supported by authority.[1] In the case of Bartlett v. King, 12 Mass. R. 537, an exceedingly useful statute, passed in 1754, concerning donations and bequests to pious and charitable uses, was held not to be in force, the legislature having in 1785 legislated upon the same subject and omitted to reenact the provisions of that statute. This view of the case settles the first action against the plaintiff.
The second action is upon the statute of 1817. It is objected that the several counts do not conclude contra formam statuti. It may be thought hard that a technical objection of this sort should be fatal, where the declaration refers so pointedly to the statute as the foundation of the action ; and if the question were new, perhaps courts would give less weight to the objection. We find a case however in our early reports precisely like this, where the objection was sustained. S o in 2 East, 3o3. And as all penal actions partake of the nature of a criminal prosecution for an offence, it may be good policy to require strictness in the proceedings.[1] But it is not necessary to rely on this point, for we are of opinion that the statute of 1817 is repealed by St. 1822, c. 90, by which no action is given. The legislature, in order to put a stop to the selling of lottery tickets, have gone on increasing the penalties, without effecting their object, until lately, by St. 1825, c. 184, they have reduced them, and altered the mode of prosecution, and the prohibition is attended with better success. The process now is by indictment or information ; and we presume that is generally understood to be the proper remedy, for among the many attempts in the county of Suffolk to prevent the selling of
*170 .ottery tickets, there has been no instance of an action being brought.[2]

Plaintiff nonsuit in both actions.

 Dwarris on Stat. 673.

 See 1 Chitty on Crim. Law, (3d Amer. ed.) 290, n. (74). It is now enacted by the Revised Statutes, that the omission of the conclusion, contra formam statuti, shall not vitiate an indictment. C, 137, § 14.

 See Revised Stat. c. 132