## Chapman *et al.* Appellants, *v.* Brown, Ex'or, &c.

Where a statute requires two subscribing witnesses to a will of personalty, and three to a devise of lands, a will of both personalty and realty subscribed by only two witnesses, is a good and valid will to pass the personal property.

APPEAL from the probate court of the county of Simpson.

This was an issue to try the validity of the last will and testament of Samuel Brown, deceased. The jury found a special verdict, in which, amongst other matters, they found that the same devises both real and personal estate, and that the same is attested by but two subscribing witnesses. The finding was certified by the circuit court where the issue was returned back to the probate court, where the probate was allowed as to the personalty only; to which there was exception, and appeal to this court. The only question for the consideration of the court was, whether a last will and testament, which purports to devise real as well as personal estate, can be good as to one, when bad as to the other?

Hughes, for appellants.

This question depends upon the construction of our statute, which is in these words: "Every person aged twenty-one years if a male, or aged eighteen years if a female, or upwards, being of sound and disposing mind, and not a married woman, shall have power, at his or her will and pleasure, by last will and testament or codicil in writing, to devise all the estate, right, title, and interest in possession, reversion or remainder, which he or she hath, or at the time of his or her death shall have, of, in and to lands, tenements, hereditaments or annuities, or rents charged upon, or issuing out of them, or goods and chattels and personal

estate of every description whatsoever, so as such last will and testament be signed by the testator, or by some other person in his or her presence, and by his or her express direction; and moreover, if not wholly written and subscribed by himself or herself, be attested by three or more credible witnesses, in case of the devise of real estate, and one or more credible witnesses in case of the devise of goods and chattels and personal estate in presence of the testator; saving, however, to the widows of testators their dower in any estate, real or personal, so devised." Revised Code, 32, sec. 14.

There can be no doubt, were the question *res integra*, that the question would be decided for us with but little difficulty. The words used by the legislature are to be looked to to indicate their intention; and taking this for our guide, the matter may be easily settled. Every person of the description mentioned in the statute may make a will in writing; if of real estate, it shall be attested by three credible witnesses; if of personal estate, it shall be attested by one or more credible witnesses. The words are, a last will and testament may be made, not a devise. If the statute had said, "any person may devise real estate, provided the will in which the devise be contained be witnessed by three credible witnesses; or may devise personalty, provided the will in which the devise is contained be attested by one or more credible witnesses," the question would have been different. Then, in reference to devises as to realty, unless there were the requisite number of witnesses, the devise, and not the will, would be void; but a devise as to the personalty would have been good, and the will or testament would have been good *pro tanto*. Can it be insisted for one moment, that the legislature intended that a last will and testament should be good in part and bad in part. The object was to declare in what manner, and under what circumstances, a last will and testament, not a devise, might be made; in other words, how estate, real and personal, by the will of the owner, might be disposed of: and were it to be decided that a paper writing, purporting to devise estate real and personal, may be good as to one and not as to the other, then it would follow that the will of the testator would not prevail, but the paper would be only his partial will, when he intended his will to operate as to

his whole estate; and but that he supposed he was disposing of his whole estate, he would, we presume, have made no such will at all. The paper is not the will of the testator; his intention can not be carried out, and if it can not, it is not his will.

But it has been insisted, that the decisions upon the statute of frauds, 29 Charles II., are applicable to this case, and it having been decided under that statute that a last will and testament, not good under that statute to pass the realty, might yet be good as to the personalty, it follows that the same will be the decision under our statute. The conclusion does not of necessity result from the premises, because,

1. Our statute is essentially different from the English statute. That statute is in these words: 29 Car. 2 c. 3, sec. 5—"All devises and bequests of any lands or tenements devisable by the statute of wills, or by any particular custom, shall be in writing, and signed by the party devising the same, or some other person in his presence, and by his express directions, and shall be attested and subscribed in the presence of the said devisor, by three or four credible witnesses, or else they shall be utterly void and of none effect." 8 Bac. Ab. 441, Wills and Testaments, D. 1.

Under this statute, it is true, it has been decided that a will, purporting to devise real as well as personal estate, although not effectual to pass real, might be good as to personal estate. See 4 Vesey, jr. 200, in note.

That and the other adjudications in England were produced by the words used in the statute, and by the mode and manner of proof in the one case and in the other.

The will, or, to use the proper term, the testamentary disposition of personal estate, had to be proven in England in the prerogative court; while a last will and testament, devising land, had to be proven by the attesting witnesses, wherein and whenever it might be necessary, between the heir at law and the devisee. It was only necessary to ascertain the will of the testator, and the prerogative court would be governed by it, however informally expressed, that will could as well be ascertained from a paper purporting to be a disposition of real and personal estate, as in any other manner. The only thing to be ascertained by the prerogative court was, what was the desire of the testator, and was

that desire executed. See the case before referred to in 4 Vesey, jr. and the previous note.

And, to ascertain this, a devise in a will purporting to dispose of real estate, would as well answer as if it were found elsewhere. The law for the government of the prerogative court, whether civil, canon or common law, was not pretended to be changed by the 29 Charles II, but such of the law only as operated on real estate, with which the prerogative courts had nothing to do; and the statute declared that a *devise* of real estate, not *a will*, in which real estate was devised, should be void, unless attested as required. The restriction being to the devise, only such as was restricted would be affected, and, as to so much as did not come within the range of the restriction, a devise would be good. If, however, the provision had been that no last will and testament shall be good, but, to the contrary, shall be void, in which real estate is devised, unless the same be attested by three witnesses, would it have been contended in England that such a will could be good for any purpose? This will hardly be insisted upon. If void, it could not be good under any circumstances or for any purpose. It is void because the statute so declares it, and it cannot be void in part and good in part. See 8 Bac. Ab. title Void and Voidable, A. B. 166, 167.

So in Virginia, though the provisions of the statute of wills are not like those of the 29th Charles, yet it amounts to the same thing. The statute is, in substance, like ours, except that nothing is said in it in reference to personalty, but it applies exclusively to real estate, and therefore leaves the subject of the disposition of personal estate, by testament, as it was at the common law; while our statute, before quoted, takes up the subject and acts as well in reference to realty as to personalty. And the fact that such is the case, is conclusive evidence what was the intention of the framer of our statute. The learned and able gentleman who revised our statutes and drafted the section under consideration, no doubt had before him the English and Virginia statutes, and the adjudications upon them, and drafted it with a view to a construction different from that put upon them; and, in consequence of using the terms "last will and testament," in the first clause, instead of "devise" in the English statute, and the words "goods and chat-

tels," &c. and the distinction, in the latter clause, taken between last wills and testaments of the realty and personalty, in reference to the number of witnesses, there can be no doubt that the construction must be essentially different.

But, in reference to the construction insisted on, we are aided by the lights afforded by other courts. In Connecticut it has been decided that a will cannot be proved in part—cannot be good as to the personal estate, and void as to the real. See 2 Root's Rep. 303.

That decision, too, was made under a statute of wills similar to, if not in fact the statute, 29 Car. The reasons given for that adjudication are entirely satisfactory. There could be but one probate, which would extend to all the devises, as well those real as personal; and there was no law which would authorize a decree in the probate court setting up the will in part and rejecting it in part. If a will at all, it was so for all purposes; and if no will, it was so for no purpose. This case is so clear and satisfactory that the attention of the court is respectfully and particularly called to it.

It has also been decided in Massachusetts, that if a will is originally defective and ineffectual as to any material part, it will not be allowed as to those parts wherein it is not defective. Osgood *v.* Breed, 12 Mass. 543, 552.

The words in our statute, "in case of the devise of real estate," and "in case of the devise of goods," &c. have for their antecedent the words "last will and testament," and in either case, as the will contains wholly devises of real and personal estate, will the rule as to them or one witness be applied; but when the will contains devises of real and personal estate, then it is not subject to the rule applicable to personalty, but, containing that within it which requires a higher degree of proof, it is subject to that, and is not good without it, and is no will at all.

By the orphans' court law, the probate court of each county has jurisdiction, &c. and to examine and take the proof of wills, &c. See Rev. Code, 34, sec. 24.

Now, it is asked, in what part of this statute is power given to take a partial probate? None such can be found, The will has to be proven and established, or rejected because not proven; and,

after proof, it may be contested by bill, and an issue made up and tried by a jury, upon which the jury have to find *devisavit vel non;* but there is now power given to the jury to reply *devisavit* as to the personalty, and *non devisavit* as to the realty.

The conclusion is, that the will ought to be set aside.

E. G. PEYTON, for appellee.

It is an old and well established doctrine in relation to wills, that the intention of the testator is to be effectuated, so far as it can be done consistently with the rules of law.   The intention of the testator in this case was to give all his property, both real and personal, to Isham Brown, the appellee.   But that obvious intention cannot be carried into effect entirely; because being *inops consilii*, he was ignorant of the law requiring the attestation of three witnesses to a will to convey real estate.   But as to the personal property, it is good and valid, having the attestation of the requisite number of witnesses to dispose of that species of property.   The court below was therefore right in admitting the will to limited probate as to the personal estate.   The personal estate being a separate, distinct and independent part of the will, should not be affected by the failure of that part of it relative to the devise of the lands.   The doctrine of *cypres* well applies to this case, and the courts should carry out the obvious intentions of the testator, so far as they can, consistently with the rules of law. The rule, "*ut res magis valeat quam pereat*," governs in such cases, and applies as well to wills as to deeds.   A will purporting to dispose of real estate as well as personal property, sufficiently attested to convey the personalty, but not the realty, is good at common law, and under the statute as to the personal estate, unless it is declared void by the statute itself.   This conservative principle is to be found in many adjudicated cases, both in England and in this country.   1 Roberts on Wills, 151; 4 Vesey, jr. 200, in note; 20 Wendell, 564; 22 Wendell, 483; and 24 Wend. 666.   The disposition of the personal estate, being separate, distinct, and independent of that of the real estate, is good and valid as to the former, upon the principle of *redendo singula singulis*.

It is well established in the states of Virginia, South Carolina, New York, Alabama, and Missouri, that a will purporting to pass

real and personal estate may be a valid will as to the personal estate, though ineffectual to pass the real estate; may be good in part and bad in part, and should in such cases be admitted to limited probate. West *v.* West's Executors, 3 Rand. 373; McGrew *v.* McGrew, 1 Stewart & Porter, 30, are cases directly in point. Snelgrove *v.* Snelgrove, 4 Dessausure, 274, 275; Jackson *v.* Jackson, 4 Missouri Reports, 24; Dickey *et al. v.* Malachi, 6 Missouri Rep. 184; Darling *v.* Rogers, 22 Wend. 483; and Kane *v.* Gott, 24 Wend. 666, go to sustain the same doctrine, which was also recognized in Massachusetts until changed by statute. Osgood *v.* Breed, 12 Mass. Rep. 552; Brown *v.* Thorndike, 15 Pickering, 393. The doctrine that a will may be good in part and bad in part is laid down very clearly in the first volume of Lomax on Executors and Administrators, a very able, lucid and valuable American work. By our statute, where a legatee is a witness to the will, the legacy is void; and the will shall be sustained, which clearly shows that a will shall not be defeated because the intentions of the testator cannot be executed in every particular; for in this instance the intention of the testator, so far as relates to the bequest to the witness, would be clearly defeated, and yet the balance of the will is good, and shall be executed. This I take to be the correct doctrine, where the different parts of the will are separate, distinct, and independent of each other.

Mr. Justice TURNER delivered the opinion of the court.

This case comes before us by appeal from the probate court of Simpson county. It appears that the late Samuel Brown, of that county, made and executed his last will and testament, disposing of all his real and personal estate, but attested by two witnesses only. The probate court admitted the will to probate as to the personal estate, and on the application of the heirs at law, the court refused to set aside the probate, and from that decision this appeal was taken; and the only question presented for our consideration is, "whether a last will and testament, made and executed under our laws, attested by two witnesses only, is valid, as to the personal estate bequeathed, although invalid as to the real estate?"

Our statute of Wills, How. & Hutch. Dig. p. 385, sec. 2, provides that "every person aged twenty-one years, if a male, or aged

eighteen years, if a female, or upwards, being of sound and disposing mind, and not a married woman, shall have power, at his or her will and pleasure, by last will and testament, or codicil, in writing, to devise all the estate, right, title and interest, in possession, reversion or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, hereditaments, or annuities, or rents charged upon, or issuing out of them, or goods and chattels, and personal estate, of every description whatever, so as such last will and testament be signed by the testator, or by some other person in his or her presence, and by his or her express directions ; and moreover, if not wholly written and subscribed by himself or herself, be attested by three or more credible witnesses, in case of the devise of real estate; and one or more credible witnesses in case of the devise of goods and chattels and personal estate, in presence of the testator; saving however to the widow of testators, their dower in any estate, real and personal so devised."

We deem it unnecessary to go at much length into the history of last wills and testaments; of the right and power of persons to make disposition of their lands and goods, to take effect after death. This right or power is held dear by every one. The kings and monarchs, and the priesthood of the Old World, denied to the people this right, in most respects, but gradually relaxed their rules in favor of the subject. Much was gained, as to this right by the great English charters, called charters of liberty, during the reigns of King John and his son Henry the third ; and to rescue and restore the power of the subject from the long interruption and oppression of the feudal system, the statutes of the 32 and 34 Henry viii, usually called the statutes of wills, were enacted, empowering every person, having manors, lands, &c., to give and devise them by will in writing or otherwise, by act, executed in his lifetime, &c. These statutes, not having prescribed the form in which it might be done, nor the solemnities with which it should be executed and attested, it was found, that for want of this, frauds were practised ; wills surreptitiously obtained, were imposed on people, and lawful heirs were disinherited without, and contrary to the mind and will of the testator; and that was often done by the mere parol testimony of those who were interested,

or not to be credited. To prevent and remedy this evil, it was enacted by the 29 of Charles the ii, that all devises of lands and tenements, should be in writing, signed by the party, or some person in his presence, by his express direction, and attested by three credible witnesses subscribing it in the presence of the testator, or it should be void. This statute underwent many adjudications in England, according to the circumstances of particular cases. See the cases in Carthew, 1 Ld. Raym. 2 Strange and 1 Burr. And these statutes were further amended by the 25 of George ii.

After all, however, there is much complexity in the English system. They have their spiritual courts and their temporal courts; one taking cognizance of the personal, the other of real estate. But in America, we bring all under the same jurisdiction, and give to our people the same power to dispose of the real as of the personal estate, and the entire subject is confided to the same tribunal of justice, the probate court; giving to the subject all the simplicity which the habits and manners of our citizens require, and which is demanded by the principles of freedom and equality which we enjoy.

A will or devise is a gift of one person to another, to take effect at the death of the donor; and this power results from the idea of property; and this may be done by one, or by as many instruments as there are donees, or portions of property to be given. Pow. on Dev. 23, 24, &c. Each donee is interested in the gift to him, and not in those to others. A will may be good as to personal, and void as to real estate, and *vice versa*. It may be good as to some legacies and devises, and void as to others. 8 Bac. Ab. tit. Wills and Testaments, (B.); 15 Pick. 393.

The power of making a will is an important right, and held dear by society. The laws, therefore, respecting this right, are to be construed favorably. The several statutes of wills, both in England and America, were designed to prevent any possibility of fraud and imposition as to the identity and execution of the instrument, and therefore have made the ceremonies of writing, signing, and attesting, essential to the legal existence of the instrument.

Still, however, there are some restrictions placed on the exercise of this right. More evidence is required for the devise of real than of personal estate; to interpose some obstacles, in order

to keep real estate in the right line of descent; to favor the heir
at law rather than the devisee. However evident it may be that
the testator did make and declare his will, and however effectual
it may be to dispose of any amount of personal estate, yet, if the
will be not entirely in the hand writing of the testator, or be not
witnessed by three subscribing witnesses, it will not amount to a
devise of real estate.

The will in question is attested by two witnesses only, and pur-
ports to dispose of both real and personal estate, and we consider
it a good and valid will as to the personalty, but not as to the
realty. The testator, after making small bequests, viz: five dol-
lars each, to several of his children, provides, that "to my beloved
son, Isham Brown, I give all my estate of every kind whatsoever,
real or personal, after giving to the other heirs their legal dowry,
to wit: all my lands, negroes, all my horses, all my cattle, all my
hogs, sheep, &c. Thus it appears that it was the intention of the
testator to give nearly his whole estate, real and personal, to his
son Isham. But his will being attested by only two witnesses,
his intention will be measurably frustrated: those he intended to
disinherit, the plaintiff in error and others, will profit by this de-
fect in the number of witnesses to the will, and the intended devi-
see will be the loser. There seems to be no reason for the com-
plaint of the appellants. How can they say, that the will of the
testator cannot be carried into effect? Instead of giving effect to
that intention, they are trying to defeat it in toto. This is neither
reasonable or just; and proves conclusively to my mind, that the
rule we are recognizing and establishing is the true one. We will
now consider the objections of counsel to this rule. It is contend-
ed that a will void in part, is void in toto: that we must adopt the
entire will, otherwise we frustrate the intentions of the testator.
It is said that if the testator had known, when he made his will,
that it would be void as to part, he would have made it different.
We know not how this may be; but we think that if the testator
had been aware of the law which requires three witnesses to make
his will valid as to his real estate, he would have called in a third
witness.

But some courts, it is said, have held this doctrine; and there
is some contrariety of decision on this point.

We are referred to a case in 2 Root's Rep. p. 303, decided in 1795, in the state of Connecticut. This case lays down the principles contended for by the appellants' counsel, three of the judges concurred, but Judge Root dissented, in a very able and lucid opinion, beginning at page 308. It would appear, from the reasoning of a majority of the court in that case, that in that state, they had rules of decision peculiar to Connecticut. They say, "that, although by some British authorities, executors, and even legatees who have released their legacy, and no party in the suit have been admitted, under certain circumstances, (for there are adjudications both ways,) as witnesses to prove a will, yet such adjudications are incompatible with the laws of Connecticut; the simplicity of which excludes the possibility of introducing that speculative, metaphysical refinement which so much embarrasses the British courts, without deranging our whole system," and they say farther, that "an inhabitant of a town cannot be a witness to establish a will, which made a small devise to the town for the benefit of posterity," and again, "that witnesses interested in the question are, in England, not excluded, but in Connecticut they are."

Judge Root says, "was ever a deed made to the state, or to a town, and witnessed, the first by citizens of the state, the second by the inhabitants of the town, adjudged void for want of legal attestation, or ever questioned? I think not. The case of a will is more to be favored."

But it seems to me that the question did not fairly arise in the case reported in Root. The will was written by one of the executors, and not by the testator, and all the witnesses to the will were deemed by the majority of the court to be interested, and were excluded; so that the will could not be proved for any purpose; and the opinions of the judges were merely speculative.

Judge Root's views on the subject conforms to ours; and we consider his decidedly the better opinion; and that the opinion of the majority of that court is entirely erroneous in every particular. Indeed it seems strange that in the enlightened state of Connecticut, near the close of the last century, that such opinions of the rules of evidence were entertained.

The case in 12 Mass. 543, cited by the plaintiffs' counsel, is not in point. And, moreover, it is said in that case, that the 9th sec-

Chapman *et al.* Appellants, *v.* Brown, Ex'or, &c.

tion of the statute of wills in Massachusetts, provides that in a will purporting to dispose of both real and personal estate, but not so executed as to pass the former, shall not be allowed as a testament of personal estate only. See page 552. It is sufficient to state in answer to this case, that we have no such provision in our statute of wills; and that the insertion of such a provision in the Massachusetts statute, shows that without it the law would be as we consider it here and in England. See 15 Pick. 393; 4 Vesey, 200, note; 6 Taunt. 369; 22 Wend. 490, 495; 14 Wend. 265; 5 Paige, 318; Roberts on Wills, 151; 20 Wend. 564; 3 Rand. 373; 1 Stew. & Por. 30; 1 Hill's N. Y. Rep. 463.

By our statute of wills, How. & Hutch. 388, sec. 15, it is provided that "if any person shall be a subscribing witness to a will, wherein any devise or bequest is made to him, and the will cannot be otherwise proved, the devise or bequest to such witness shall be void, and he or she compellable to appear and give testimony on the residue of the will, in like manner as if no such devise or bequest had been made."

This shows conclusively that our legislature considered that a will may be void in part, and good in part.

In the case of Vick's Executor, *v.* McDaniel, reported in 3 How. 337, it is decided that invalid or void bequests do not invalidate the will. The same doctrine has been repeatedly so held in this court since that case. And in the case of personal estate, it has been decided that a residuary legatee will take the part or portion which shall be found undisposed of, by such invalid or void bequest, in preference to the heir at law, but that the rule would be different as to real estate.

There is frequently much difficulty in arriving at clear and satisfactory conclusions in construing last wills and testaments. There is one rule, however, which has been wisely adopted, and that is, to carry into effect the intention of the testator, as far as it can be done consistently with the rules of law. If in the exercise of his right to direct the disposition of his estate, or who shall enjoy it after his death, his intentions should be measurably frustrated by his ignorance of the law, yet the courts will do what appears reasonable and just, in giving effect to so much of his will as the law will sanction. Judgment affirmed.