WILLIAM R. P. WASHBURN *vs.* SAMUEL E. SEWALL & others.

A bequest, for charitable uses, to an unincorporated female society in another State, composed in part of married women, is valid; and a court of equity will appoint a trustee to receive the bequest, in trust for such charities as are administered by such society.

THIS was a bill in equity, brought by the executor of the will of Margaret Tucker, to obtain the direction of the court in the execution of his duties, in several particulars, under said will. Some of the questions arising in the case were decided at a former term. See 4 Met. 63. The question now presented to the court arose upon the following clause in said will : " I further give and bequeath to Mr. and Mrs. Meserve the income of one thousand dollars, during their joint lives, to be paid to them, or either of them, annually, by my said executor, and, after the death of either of them, to the survivor, during his or her life ; and after the decease of both of them, it is my will, and I do accordingly order and direct, that my said executor pay over the principal to the Concord Female Charitable Society in New Hampshire, to which the same is hereby given and bequeathed."

The plaintiff alleged, in his bill, that he had no personal knowledge as to said society ; that he had been informed that no society of that name had been incorporated, in New Hampshire, at the time of the decease of the testatrix; but that a number of women had formed a society, at said Concord, called by that name. He therefore submitted to the court the question, "whether said society is or is not entitled

Washburn *v.* Sewall & others.

to receive said legacy, or the principal thereof, on the death of Mr. and Mrs. Meserve, and what the rights of said society, or the individual members thereof, are, or his duty is, in relation thereto."

It appeared that no decision was made on this question, at the time of a prior decretal order, and that no answer was put in, by said society, prior to the former hearing ; and that the case had been continued to the present term, in order that the claim of the society might be considered at a proper time.

At the present term, the answer of the Concord Female Charitable Society was filed, signed and sworn to by the president, vice president, secretary, treasurer, and ten of the twelve directors, and Joseph Low, trustee of the society. The answer stated that Mr. and Mrs. Meserve, mentioned in said will, were Nathaniel Meserve of Concord, New Hampshire, and Hannah, his wife ; that he died on the 3d of November 1839, and she on the 10th of March 1844 ; that said society is a voluntary society, composed of women in said Concord, now numbering nearly one hundred ; that it was formed on the 9th of January 1812, and has since continued in constant and successful operation ; that its objects are strictly charitable, to wit, providing groceries for the sick and infirm, clothing and fuel for the helpless and needy, &c. ; that said society, at a meeting held December 3d 1844, unanimously voted to appoint Joseph Low trustee of said society, for the purpose of receiving, in trust, the fund bequeathed to them by said Margaret Tucker, and that he had accepted said appointment. Wherefore the said society prayed the court to decree that the said Washburn should pay to the said Low, in trust for the society, the legacy of $1000, with interest since the last payment of interest thereon to said Hannah Meserve.

The case was set down for a hearing on the bill and answer ; it being admitted, by the defendants, that some of the members of said Concord Female Charitable Society were married women at the time of the making of said will, the death of the testatrix, and the present time ; and that some of the

24 *

directors of said society, who signed the answer, are married women.

No argument was submitted to the court.

Shaw, C. J. It is very clear that the bequest, made in the will of Margaret Tucker, to the Concord Female Charitab'e Society, although there was no such society incorporated, will still be good and available as a charitable donation. *Burbank* v. *Whitney*, 24 Pick. 146. *Bartlett* v. *Nye*, 4 Met. 378. It has been frequently held that the *St.* 43 Eliz. *c.* 4, in regard to gifts to charitable uses, is in force in this Commonwealth. *Bartlet* v. *King*, 12 Mass. 537. *Going* v. *Emery*, 16 Pick. 107. *Sanderson* v. *White*, 18 Pick. 328.

In cases of charitable gifts, it is no objection to their validity, that no person is named, capable of taking the legal interest. If the object can be ascertained, the want of a trustee will be supplied by appointment by a court of equity. *Mills* v. *Farmer*, 1 Meriv. 55. In the present case it appears that the species of charity intended by the testatrix is clearly designated. It is that which is administered by a well known association of women, not incorporated indeed, but who are distinctly marked out and identified, under the description of the Concord Female Charitable Society in New Hampshire. The court will, therefore, appoint a suitable person, as a trustee, to take and receive this donation, and hold the same, in trust, for such charities as are administered by said voluntary society of women, designated by said will.