THESE were amicable actions included in a case stated, for the recovery of a legacy of five hundred dollars each, bequeathed by Margaret Purdy, deceased, in her last will and testament, to The American Tract Society, and The Presbyterian Committee of Home Missions, upon the following statement of facts, and the questions of law arising upon them. The testatrix was seized in fee simple of certain lands and tenements in this State at the date of her will and the time of her death, and by it devised as follows: "Item 2d. I give and bequeath to The American Tract Society instituted in the city of New York, the sum of five hundred dollars to be applied to the charitable uses and purposes of said Society. Item 3d. I give and bequeath, to The Presbyterian Committee of Home Missions, incorporated by the Legislature of the State of New York, April 18th, 1862, five hundred dollars to be expended for the appropriate objects of said incorporation." "Item 9th. I do hereby authorize, empower and direct my executor to sell at public or private sale, as he may deem best, all my *Page 626 
real estate, and to make, seal and execute and deliver a good and sufficient deed or deeds in fee simple to the purchasers thereof." By the twelfth item of it, she gave and bequeathed all the residue of her estate to the children by name, of her deceased cousin, Elizabeth Allcorn, and appointed the said John Ferris executor of it, who had duly proved and taken out letters testamentary upon it. The personal property specifically bequeathed in it amounted to $317.75, that not specifically bequeathed to $911.93, and the proceeds of her real estate, all of which had been sold pursuant to the directions of the will, to $7245.00, and the rents thereof which had accrued and been collected by him since her death, to $314.03, out of which, after satisfying all the demands against her estate, and all other legacies bequeathed by her in it, there would be sufficient money remaining in his hands to pay the legacies above mentioned. Both of the Societies named were duly incorporated by the Legislature of the State of New York, before the making of the will, and their acts of incorporation, together with their printed reports, publications and circulars, and also the address of a committee of the former to the benevolent public recently published, were made a part of the case stated.
The questions of law reserved were: First, Were the Societies in question, or either of them, religious societies within the spirit and intent of the Act of the General Assembly of this State, entitled, "Of Religious Societies," Revised Statutes, chapter 39, of any other law of this State on that subject? Second, Were they, or either of them, debarred by such law, or by any policy of this State from taking or receiving the legacies in question out of the said fund in the hands of the said executor, or any part thereof, and if any, out of what part thereof? Third, And if they were so barred, what would become of that portion of her said estate which would thus lapse, or fail by reason of it? And it was further agreed that this Court in considering and deciding the cases, should be governed not only by the principles and rules of law applicable in such *Page 627 
cases, but also by the principles and rules of equity as they would stand in the Court of Chancery upon a bill of interpleader filed on the facts stated by the said executor against the said residuary legatees, heirs at law, or next of kin, and the said Societies in their corporate capacities; or by the said corporations against the said executor, heirs at law, or next of kin, and the said residuary legatees, for the purpose of carrying into effect the said bequests to them.
Bird, for the plaintiffs: The Societies in question were merely charitable or benevolent in their character and objects, and were not religious societies within the purview and meaning of our statute, or the mortmain restrictions contained in it in relation to religious societies. Rev. Code 105, 106. But if the statute of 43 Elizabeth, or the conservative principle and provisions of it, be in force in this State, then a bequest by last will and testament of personal property to either of those Societies, duly incorporated by the Legislature of the State of New York, was a good, and valid charitable bequest under it. Brightly's Rep. 346. Magill v. Brown, 4 Wheat.330. 3 Pet. 114. 2 How. 77. 7 Ves. 35.12 Mass. 537. 6 Casey, 425. 7 Ves. 81, 490, 492. 4 Ves.
325. 2 Bro. Ch. Rep. 61. 1 Atk. 469.
Harrington, for the defendant. As the actions were amicable, and the suits had been instituted and the case had been made and presented for the instruction and security of the executor in the premises, he would submit the questions involved in it without any argument on his part, to the decision of the Court.
The Court did not consider that the Societies in question could by any reasonable construction, be brought within the meaning and intendment of the statute of this State in relation to religious societies, or of the mortmain restrictions imposed upon them by it, and gave judgment for the plaintiff in each case, the amount to be ascertained by the counsel pursuant to their agreement. *Page 628