## Case No. 14,570.

### UNITED STATES v. BENNETT.

[12 Blatchf. 345.] [1]

Circuit Court, N. D. New York. Oct. 13, 1874.

PENSIONS — AGENT — WITHHOLDING FROM PEN-SIONER— FEES—STATUTES—REPEAL.

1. The offence of wrongfully withholding from a pensioner the whole, or any part, of a claim or pension allowed and due to the pensioner, created by section 7 of the act of July 14th, 1862 (12 Stat. 568), and again created by section 13 of the act of July 4th, 1864 (13 Stat. 389), is not specified as an offence in section 8 of the act of July 8th, 1870 (16 Stat. 195), but is made an offence again by section 31 of the act of March 3d, 1873 (17 Stat. 575). The act of 1862 regulated the fees of pension agents, and punished the taking of greater fees, besides creating the above offence. The act of 1870 covered like ground, other than creating the above offence. It enacted a new tariff of fees, prescribed a different punishment from that before existing for the offences it retained, and omitted one class of cases which previously were offences. *Held*, that this operated to repeal those parts of the act of 1864 which were not found in the act of 1870, so that no conviction could be had on an allegation of the commission of the above offence in September, 1872.

. [Cited in U. S. v Hall, 98 U. S. 356.]

2. This view is strengthened by the fact, that payments of pensions to agents and attorneys having been allowed by the acts of 1862 and 1864, it was enacted, by the act of 1870, that a pension should be paid only to the claimant, and should not be paid to an agent or attorney, and that, by the act of 1873, which created again the above offence, the payment of pensions to agents and attorneys was again authorized.

3. The 4th section of the act of February 25th, 1871 (16 Stat. 432), providing that the repeal of a statute shall not extinguish any liability incurred under it, unless the repealing act shall expressly so provide, contemplates an offence committed while a statute forbidding it is in force, and does not meet the case of an act not forbidden by statute at the time of its commission.

4. Where the money was received and withheld in September, 1872, and continued to be withheld until after the passage of the act of March 3d, 1873, *held* that, on an indictment under that act, alleging the withholding to have occurred on the 31st of March, 1873, no conviction could be had.

[This was a motion in arrest of judgment by John C. Bennett, who was charged with the wrongful withholding from a pensioner of a part of a claim.]

George N. Kennedy, for the motion.

Richard Crowley, U. S. Dist. Atty.

HUNT, Circuit Justice. The defendant was indicted in the district court, in November, 1873. It was charged, in the first count of the indictment, that, as the agent of Ellen Mack, a pensioner, on the 23d of September, 1872, he received from the United States officer appointed to pay pensions, the sum of seven hundred and sixty-five dollars and forty cents due to said pensioner, and that he then and there wrongfully withheld from said pensioner four hundred and five dollars and thir-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ty-three cents of such money, contrary to the form of the statute, &c. The second count was the same as the first. The third count contained the same allegations as the first, as to receiving the money on the 23d of September, 1872, but charged that the sum mentioned was wrongfully withheld on the 31st of March, 1873. The jury found the defendant guilty on the first three counts of the indictment, and found him not guilty as to certain other counts, to which it will not be necessary further to refer. The defendant now insists, that, at the time of the alleged commission of the offence of withholding pension money, to wit, September 23d, 1872, such withholding was not an offence under the statutes of the United States. This offence it is said, was created by the statute of July 14th, 1862 (12 Stat. 568, §§ 6, 7), and by the statute of July 4th, 1864 (13 Stat. 389, §§ 12, 13). The provisions of these statutes, it is argued, were repealed by the act of July 8th, 1870 (16 Stat. 195, § 7), and were not in force at the time specified in the first two counts, viz., September 23d, 1872.

The statutes referred to are as follows: By section 6 of the act of 1862 it was enacted, that the fees of agents and attorneys in obtaining pensions for those entitled to pension money under that act, should not exceed certain rates therein specified. By section 7 it was enacted, that any agent or attorney who should demand or receive any greater compensation for services under that act than was thus specified, "or who shall wrongfully withhold from a pensioner, or other claimant, the whole, or any part, of the pension or claim allowed and due to such pensioner or claimant," should be guilty of a high misdemeanor, to be punished by a fine not exceeding $300, or by imprisonment not exceeding two years, or by both such fine and imprisonment. By section 12 of the act of 1864 a different tariff of fees is prescribed, and the sixth and seventh sections of the act of 1862 (above set forth) are declared to be repealed. By section 13 of the act of 1864 it is provided, that any agent or attorney "who shall demand or receive any greater compensation for his services under this act, than is prescribed in the preceding section of this act, * * * or who shall wrongfully withhold from a pensioner, or other claimant, the whole, or any part, of the pension or claim allowed and due to such pensioner or claimant, shall be deemed guilty of a high misdemeanor," to be punished by a fine not exceeding $300, or by imprisonment not exceeding two years, or by both. By the act of July 8th, 1870 (16 Stat. 194, 195, §§ 7, 8), still another rate of fees is prescribed for agents obtaining pensions, under any or all the acts of congress on that subject, and the agreement on the subject of fees is required to be filed with the commissioner of pensions. It was further enacted, in section 8 of that act, that any agent or attorney who should receive a greater compensation for obtaining a pension than was

allowed in the preceding section, should be deemed guilty of a misdemeanor, to be punished by a fine not exceeding $500, or by imprisonment not exceeding five years, or by both. This statute contains nothing upon the subject of wrongfully withholding from a pensioner the whole or any part of the sum found due and allowed to him. By the 31st section of the act of March 3d, 1873 (17 Stat. 575), it is enacted, that any agent or attorney who shall receive any greater compensation for prosecuting any pension claim than the commissioner of pensions shall direct, not exceeding $25, "or who shall wrongfully withhold from a pensioner or claimant the whole, or any part, of the pension or claim allowed and due such pensioner or claimant," shall be deemed guilty of a misdemeanor, and punished by a fine not exceeding $500, or by imprisonment not exceeding two years, or by both.

Upon these statutes the question is made, whether, on the 23d of September, 1872, the withholding of pension money by an agent was an offence punishable by indictment. The argument to sustain the negative of this question is this: The alleged offence was created and made punishable by sections 6 and 7 of the act of 1862, above cited. By the express terms of section 12 of the act of 1864, above cited, these sections 6 and 7 are repealed. The offence, however, is renewed and recreated by section 13 of the last mentioned act, which provides, that an agent who shall receive a greater compensation for services under that act than is permitted by the preceding section, or who shall wrongfully withhold from a claimant or pensioner any portion of the sum allowed and due to him, shall be guilty of a misdemeanor, punishable by a fine not exceeding $300, or by imprisonment for two years, or by both. Assuming, for the present purpose, that the last clause applies to all the pension acts of the United States, it is insisted that it was repealed by the act of July 8th, 1870 (16 Stat. 194, 195, §§ 7, 8). The substance of these sections has been already stated.

The statute of 1870 intended, apparently, to embrace the whole subject-matter of pension fees, the excess of charges, the withholding of pension money, and the liability of pension agents. It enacted different provisions, retaining some of the previous regulations, omitting others, and making contradictory provisions respecting still others. It enacted a new tariff of fees. It prescribed a different punishment from that before existing for the offences retained, and it omitted one class of the cases which constituted an offence under the former acts. This, upon principle, operates as a repeal of the former act, and annuls those portions of it which are not found in the new act. Norris v. Crocker, 13 How. [54 U. S.] 429; U. S. v. Tynen, 11 Wall. [78 U. S.] 88. In Bartlet v. King, 12 Mass. 537, a statute passed in 1754 concerning bequests and donations to pious and charitable uses, was held to be repealed by the passage of an act, in 1785, upon the same subject, and which act did not contain the provisions of the former act. In Dash v. Van Kleeck, 7 Johns. 477, the court say, that a subsequent statute, making a different provision on the same subject, is not to be construed as an explanatory act, but as a repeal of the former act. In Daviess v. Fairbairn, 3 How. [44 U. S.] 636, it is laid down, that, though a subsequent statute be not repugnant in all its provisions to a prior one, yet, if it is clear that the latter was intended to prescribe the only rule which should govern in the case provided for, it repeals the prior one. See, also, Stewart v. Kahn, 11 Wall. [78 U. S.] 502; U. S. v. Tynen, Id. 92; Ellis v. Paige, 1 Pick. 43; Nichols v. Squire, 5 Pick. 168.

By the statute of 1864, the offence of taking excessive fees, and the offence of withholding pension money, are each punishable by a fine not exceeding $300, or by imprisonment for two years. By the statute of 1870, the offence of taking excessive fees may be punished by a fine of $500, or by imprisonment for five years. There is no other repeal of the former statute as to the offence of taking excessive fees, than that arising from the repugnancy of the provisions of the two statutes. It is not contended, however, that the former statute remains in force as to that offence. It is impossible that there should be in force, at the same time, a statute punishing the offence of taking excessive fees by a fine not exceeding the sum of $300, and an imprisonment not exceeding two years, for each offence, and a statute punishing the same offence by a fine of $500 and an imprisonment for five years. The latter statute, in such case, operates as a repeal of the former statute.

I have said, and I place my decision upon the ground, that the statute of 1870 was intended to embrace the whole subject-matter of the duty of pension agents, including excessive charges and withholding pension moneys. It was intended as a revision or a codification of the existing laws on those subjects. Thus, the act of 1862 is entitled, "An act to grant pensions," and is devoted chiefly to enacting who shall have pensions. The sixth and seventh sections, already cited, referring to the fees of pension agents, and making excessive charges of agents, or the withholding of pension money by agents, a criminal offence, are the only ones referring to any other subject. The act of 1864 is entitled, "An act supplementary" to the act of 1862, and, as might be expected, is devoted mainly to the same subject. Sections twelve and thirteen are the only exceptions, these sections being substituted for sections six and seven in the former act. Then comes the act of 1870, which is entitled, "An act to define the duties of pension agents, to prescribe the manner of paying pensions, and for other purposes." This act is made up of provisions touching

the duties of agents, their liabilities, their rights and their exclusions, and the manner of conducting business with them by the departments. When, under such circumstances, it is enacted that one act described in the former statute shall remain an offence punishable by a larger fine and a longer imprisonment, and when all reference to another act on the same subject, described and made punishable in the former statute, is omitted in the later statute, it is a reasonable conclusion that such omission was intended as a repeal of the offence thus omitted. In 1873, the offence of withholding was again created and its punishment declared, but, from the passage of the act of 1870 until the passage of the act of 1873, there was a hiatus,—a space of time when the offence did not exist.

This view is sustained, also, by the course of legislation respecting the right of attorneys or agents of this class to receive the money allowed to claimants. By the statutes of April 10th, 1806 (2 Stat. 376), and of July 4th, 1836 (5 Stat. 127), on the subject of pensions, as well as by the statutes of 1862 and 1864, above quoted, the employment of agents and attorneys was recognized, their relation to the claimants was regulated, their fees were fixed, and the manner in which payment should be made to or through them was pointed out. This so continued until the passage of the law of 1870. By the third section of that act, payment to the claimant alone was authorized, and it was expressly declared that no power of attorney should be recognized, nor should any pension be paid thereon. It was quite in accordance with this idea, and a part of the same scheme of legislation, that the offence of withholding a pension should at the same time be dropped from the category of offences. While congress permitted and authorized attorneys to receive the money due to pensioners, it was well to make the withholding of such money an offence. When it declared that the money should be paid directly to the claimant, and no power of attorney should be recognized, it was natural to drop the offence of withholding. Indeed, if the statute was complied with, the offence could not exist. The attorney not being allowed under any circumstances to receive the money, a statute prohibiting his withholding it is not to be expected. In pursuance of the same scheme, when, in 1873, congress again authorized the action of agents and attorneys, and the payment of pension money to them, it was to be expected that the offence of illegally withholding such money would be renewed, and, accordingly, we find such offence renewed and recreated by section 31 of that act.

The statute of February 25th, 1871 (16 Stat. 432, § 4), has been cited in support of the indictment. That statute provides "that the repeal of any statute shall not

have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." In the case before us, there was no "liability incurred under such statute." When the act was committed, the statute forbidding it did not exist. The act of 1871 contemplates the case of an offence committed while a statute forbidding it is in force, and provides that the repeal of such statute shall not prevent a prosecution for the offence. It does not meet the case of an act unforbidden by statute at the time of its commission.

The district attorney contends that the prisoner was lawfullly convicted under the third count of the indictment, which charges a receipt of the money on the 23d of September, 1872, and a wrongful withholding thereof on the 31st of March, 1873. He insists that section 31 of the act of March 3d, 1873, covers the case. The jury convicted the prisoner on the 1st and 2d counts, which charged the withholding to have been on the 23d of September, 1872, as well as upon the 3d count. It is conceded that but one offence was committed, and punishment is only asked as upon the commission of one offence. The transaction, in fact, occurred in September, 1872, and the withholding is transferred to March, 1873, only upon the principle that the offence is continuous, that it continues as long as the money is retained by the prisoner. The money was actually received in September, 1872. At that time, as the record shows and the jury have found, in convicting upon the first and second counts, the prisoner illegally withheld four hundred and five dollars thereof. He then put it into his pocket, and refused to deliver it to the claimant. His offence was then complete. He could have been indicted at once under the United States statute, for illegally withholding the money, if forbidden by such statute. He could have been sued at once in a civil action for the amount so withheld. The offence and the liability being complete, the statute of limitations at once commenced to run. The offence charged is the act and fact of withholding. What the prisoner afterwards does with the money cannot create, alter or continue the offence. He, surely, could not set up, as a defence, that, after the 23d of September, 1872, he had returned the money to the pensioner. It was never heard that a larceny could be purged by a return of the stolen property. It would not mitigate the offence, that he should bestow the money in pious uses. Nor, in my judgment, does it create a new, a subsequent and a perpetual offence, unbarred by all statutes of limitation, that the

prisoner should retain the money. He stands or falls upon the act as and when it was committed. It is provided by the statutes of certain states, that, when stolen property is transferred into a county different from that from which it was taken, the thief may be indicted for larceny in the latter county. So, in some states, it is held, that, when stolen property is brought into another state, the taker may be indicted in the latter state. The rule on this point varies in the different states. In all these cases there is a subsequent and additional act besides the one constituting the original offence. Thus, a thief steals property in the county of Albany. That is of itself an offence. Stopping there, the offence is limited to the original taking, and the thief can be indicted in the county of Albany only. When the thief also carries the property into the adjoining county of Rensselaer, he adds another fact to the case. He transports stolen property to another jurisdiction, and the sin of the original taking accompanies such transportation. But I know of no principle upon which the original act itself, nothing additional being said or done, can be converted into a new offence, or carried on indefinitely, that is, can be made perpetually continuous.

The judgment must be arrested, and, as the objection goes to the foundation of the indictment, the indictment must be quashed and the prisoner discharged.