JOSEPH ISEMAN, PLAINTIFF, *v.* JEREMIAH MYRES AND JACOB W. GETMAN, EXECUTORS, ETC., OF MOSES ISE-·MAN, DECEASED, AND OTHERS, DEFENDANTS.

*Bequest to a town — when void as creating a perpetuity — Right of masonic ·societies to hold property in perpetuity — 1866, chap. 317 — Bequest to a school district — when the fund should be held by the supervisor.*

A testator gave and bequeathed "to the town of Columbia, in its corporate capacity, the sum of one thousand dollars to be forever invested·by the town board or officers of said town having charge of the financial matters of said town from time to time, and at all times hereafter on real estate worth at least double the amount loaned thereon, the interest to be regularly collected and applied annually by the town officers of said town towards the support of the poor who are supported by the said. town, the intention that the said interest shall annually form part of the poor fund of said town."

*Held,* that the bequest was void as creating an unlawful suspension of the absolute ownership of personal property. .

Chapter 317 of 1866, providing for the election of three trustees for any lodge or chapter of Free and Accepted Masons, and authorizing them to take, hold and convey real and personal property, relieves them from the effect of the general statutes of the State against perpetuities.

A testator, by his will, gave and bequeathed to the school district in which he resided, "the sum of three hundred dollars, to be forever loaned by the town officers mentioned in item sixth, and the interest thereon to be annually paid by such officers to the trustees of said school district, to be by them applied towards the support of the school in said district." By the sixth item of his will he directed the money to be invested by the town board or officers having charge of its financial matters.

*Held,* That the bequest was valid under section 16 of chapter 555 of 1864.

That it was the intention of the testator to authorize the supervisor of the town to invest the fund and pay over the income to the school district, and that the executor should pay over the legacy to him.

CONTROVERSY submitted under section 1279 of the Code of Civil Procedure.

On the 4th day of May, 1880, Moses Iseman the testator died, then being an inhabitant of the town of Columbia, Herkimer county, leaving a last will and testament which was duly admitted to probate by the surrogate of Herkimer county on the 19th day of July, 1880. On the 22d day of October, 1878, at the town of Columbia, Herkimer county, the testator duly made and published his last will

and testament which was admitted to probate as aforesaid. The questions arising between the parties relate to the sixth, seventh and ninth provisions of the will of the testator.

The submission states that the "Richfield Springs Lodge of Free and Accepted Masons No. 482, mentioned and referred to in the ninth clause of said last will and testament as a legatee thereof, having been duly chartered and installed according to the general rules and regulations of the general lodge of Free and Accepted Masons of the State of New York, being desirous of having the benefit of the act of the legislature of the State of New York, entitled 'An act to authorize lodges and chapters of Free and Accepted Masons to take and hold and convey real and personal estate,' passed April 2, 1866, did on the 26th day of January, 1867, * * * elect three trustees for said lodge for the purpose aforesaid, a certificate of which election and purpose was duly made and subscribed by the first three elective officers of said lodge, * * * and all the requirements of the law complied with * * * to entitle the same lodge to the benefits of the provision of said statute."

Also, "that at the time of the execution of said last will and testament James Mason, John F. Getman and A. H. Ellwood were, and ever since have been and still are, the trustees of the Richfield Springs Lodge of Free and Accepted Masons No. 482, and as such authorized to take, hold and convey real and personal estate for the charitable purposes of said lodge, vested with all the powers, benefits and duties granted and prescribed by the provisions of said statute."

The submission states "school district No. 1" is a duly and legally organized common school district in the town of Columbia, Herkimer county, New York.

Also that the testator left him surviving no father, mother, wife or child, and that his heir and next of kin was Joseph Iseman, who claims that said bequests to the town of Columbia, to school district No. 1, and to Richfield Springs Lodge No. 482, Free and Accepted Masons, should not be by said executors paid, but the same should be paid to said Joseph Iseman.

The provisions sixth, seventh and ninth of the testator's will were, viz.:

"*Sixth.* I give and bequeath to the town of Columbia in its corporate capacity the sum of one thousand dollars to be forever

invested by the town board or officers of said town having charge of the financial matters of said town from time to time, and at all times hereafter on real estate, worth at least double the amount loaned thereon, the interest to be regularly collected and applied annually by the town officers of said town towards the support of the poor who are supported by the said town, the intention that the said interest shall annually form part of the poor fund of said town."

*Seventh.* I give and bequeath to school district No. 1, in said town in which district I reside, the sum of $300 to be forever loaned by the town officers mentioned in item sixth, and the interest thereon to be annually paid by such officers to the trustees of said school district, to be by them applied towards the support of the school in said district.

*Eighth.* I give and bequeath my house and lot, in which I now reside, in said town of Columbia and adjoining the church lot, to my friend James H. Getman.

*Ninth.* All the rest and residue of my estate (if any may remain) I give and bequeath to James Mason, John F. Getman and A. H. Elwood, trustees of Richfield Springs Lodge No. 482, Free and Accepted Masons, as trustees of said lodge, and their successors in office as such trustees to be by them as such trustees and their successors in said office of trustees safely invested in real estate security or in government bonds, and apply the interest and income thereof for Masonic benevolent or charitable purposes, and for the relief of needy and worthy Masons or their widows and orphans; it being my intent that said residue, whatever the same may be, shall be permanently directed and set apart, and the income thereof be regularly applied and forever devoted to the purposes aforesaid."

The will does not contain a power of sale of the testator's real estate. The case does not clearly show of what his estate consisted, how much real and how much personal, though it is inferable that, besides the specific devise of real estate "house and lot," the estate consisted of personal property.

The case states "that the total bequests to the town of Columbia, a school district No. 1, to Richfield Springs Lodge No. 482 and to the Reformed Dutch Church of Columbia did not exceed one-half part of the estate of Moses Iseman."

*Smith & Steele,* for Joseph Iseman.

*Morgan & Bronner,* for the executors, town of Columbia and for school district No. 1.

*Davenport & Tennant,* for Richfield Springs Lodge.

HARDIN, J.:

Bequest of $300 " to school district No. 1 " of the town of Columbia is valid and must be upheld, and the executors should pay and satisfy the same according to the tenor of the will. (Chap. 555 of Laws of 1864, pp. 1225, 1226, §§ 15, 16, 17 and 18; chap. 318 of Laws of 1840; chap. 261 of Laws of 1841; *Betts* v. *Betts,* 4 Abb. N. C., 321.)

The language of the bequest clearly vests the school district with the right to the legacy, and then it declares that the same shall be forever loaned by the town officers mentioned in item sixth, and the interest thereon to be annually paid by such officers to the trustees of said school district to be by them applied towards the support of the said school in said district.

The language found in item sixth thus referred to is, viz., " officers of said town having charge of the financial matters of said town from time to time." The financial officer of the town of Columbia referred to, seems to be the supervisor of the town; as that officer holds for one year, the testator used the language so as to include successive supervisors or " officers " who may, " from time to time," have charge of the financial matters of said town.

Payment may be made to a supervisor who, as trustee for the school district, should invest the sum and annually pay over the interest thereon to the school district. Section 15 of the act of 1864 expressly authorized a bequest " to any supervisor of a town " for support and benefit of common schools within such   *   *   * town   *   *   *   " or any particular common school."

If there was doubt as to the named trustee, then by section 16 of the act of 1864 the bequest could not be held void, but the " title and trust would vest in the people of the State."

But, we think, the supervisor was designated and authorized by the testator to invest the fund and pay over the income to the school

district, and that the executors should pay the same to such supervisor in accordance with the spirit and tenor of the testator's will.

II. In the ninth clause of the testator's will he gives "all the rest and residue of my [his] estate, if any may remain, * * to James Mason, John F. Getman and A. H. Elwood, *trustees* of Richfield Springs Lodge No. 482, Free and Accepted Masons, as trustees of said lodge, and their successors in office as such trustees, to be by them as such trustees and their successors in said office of trustees, safely invested in real estate security or in government bonds, and apply the interest and income thereof for masonic, benevolent or charitable purposes, and for the relief of needy and worthy Masons or their widows and orphans."

1. The three persons named in this provision of the will were elected trustees for said lodge, under chapter 317 of the Laws of 1866.

2. The statute authorizes them as trustees to take, hold and convey real and personal estate for charitable purposes of said lodge. (Sec. 1, chap. 317 of Laws of 1866.)

The fourth section of that act provides "the trustees of any such lodge or chapter, and their successors, shall be and are hereby authorized to take, hold and convey, by and under the direction of said lodge or chapter, and for the use and benefit thereof, *all* the temporalities and property belonging thereto, whether consisting of real or personal estate, and whether the same shall have been *given*, granted or *devised* directly to such lodge or chapter, or to any person or persons for their use or in trust for them or their benefit."

The act is not very clear in its language. The words " *shall have been given*, granted or devised directly to such lodge or chapter, or to any person or persons for their use," etc., may be construed to intend to, and to include any property which shall thereafter be given, granted or devised to such lodge or trustees in trust for it.

The title reads, viz.: "An act to enable Lodges and Chapters of Free and Accepted Masons to take and hold and convey real and personal estate." This may be considered in giving the act construction. The eighth section declares, viz.: "This act shall be deemed a public act, and be benignly construed in all courts and places to effectuate the objects thereof."

The legislative intent was to authorize the lodges in the name of

the trustees to take such gifts notwithstanding the general statutes against perpetuities. The statute of 1866 was a dispensation in favor of the particular corporations named therein. (*Holmes* v. *Mead*, 52 N. Y., 340; 2 R. S., 57, § 3; 1 id., 773, § 1.)

III. The bequest to the town of $1,000 is invalid. The words "I give and bequeath to the town of Columbia in its corporate capacity, the sum," etc., standing alone, would vest the right to the money in the town in its corporate capacity and give it an immediate and vested interest in the money. (*Wetmore* v. *Parker*, 52 N. Y., 450.) There would be no trust or attempt to create a trust, for indefinite and unknown *cestui qui trusts*. But the further language of the bequest provides that the money "be forever invested by the town board or officers of said town, having charge of the financial matters of said town, from time to time."

Here is an indefinite provision as to the *trustee*. Is the town board as such intended as a trustee, or is it intended that "officers of said town having charge of the financial matters of said town from time to time" shall be the trustees. If we construe these latter words to mean the supervisor for the time being, then the query arises whether the trustee is the town board or the supervisor.

But neither the town board or the supervisor is authorized by any statute to act as a trustee for the benefit of the poor of the town. The bequest does not name an absolute legatee, nor a definite authorized trustee. The beneficiaries are unascertained and uncertain.

So far as the provision attempts to keep the sum of money named, in the town board or the officers of the town beyond two lives in being at the death of the testator, it is in violation of the statute as to the accumulation of personal property. (1 R. S., 773.) Our attention is called to *Kennedy Ex'rs.* v. *Town of Palmer* (1 T. & C., 581) where a bequest to the town of Palmer in Massachusetts by a testator residing in this State was held valid, as it was governed by the laws of Massachusetts.

In that State it has been expressly adjudicated that it is not necessary to the validity of charitable bequests that there should be any definite or ascertained *cestui qui trust* designated, and that a trust like the one created in that case, is valid in Massachusetts. (See opinion of DOOLITTLE, J., 1 T. & C., 584, and cases of *Bart-*

*let* v. *King*, 12 Mass., 537, and *Goring* v. *Emery*, 16 Pick., 107; *Webb* v. *Neal*, 5 Allen, 575.)

The opinion of Judge Mullin (1 T. & C., 586) states that it was shown that the town of Palmer has the capacity to take the bequest by the laws of Massachusetts, and that, therefore, within the rule laid down in *Chamberlain* v. *Chamberlain* (43 N. Y., 424), that the validity of the bequest was to be determined by the laws of the domicile of the legatee, and not by the laws of the domicile of the testator.

We are referred to *Coggeshall and others, Trustees* v. *Pelton* (7 John. Ch., 291), which was decided in 1823. The bequest there was to the town of New Rochelle " for the purpose of erecting a town house for transacting town business," and it was held valid as a *charitable* bequest. There had been an act of the legislature passed authorizing the plaintiffs, as trustees, to receive from the executors the bequest.

The correctness of that decision was questioned in *King* v. *Woodhull* (3 Eds. Ch., 92). The doctrine on which such cases rested was exploded by the Court of Appeals in *Bascom* v. *Albertson* (34 N. Y., 584), and the doctrine of that case was approved in 52 N. Y., 338.

In *Wetmore* v. *Parker* (52 N. Y., 450), it was held that a corporation created for charity may take, by bequest, and hold personal property limited by the testator to any of the corporate uses of the legatee. In the case in hand there is an attempt to vest in trustees, in perpetuity, the bequest, with directions to pay over forever the income to the town of Columbia, and that said "interest shall annually form a part of the poor fund of said town."

It is thus brought within the condemnation of the statute against suspension of the absolute ownership of personal property beyond the lives of two persons in being at the death of the testator. In *Adams* v. *Perry* (43 N. Y., 488, opinion of Grover, J., in Lowville Academy case), it was held that a bequest to trustees of personal estate, to invest and reinvest and pay over the income to an incorporated academy, forever, is void under the statute of perpetuities.

The bequest in the sixth clause of the will before us must be held invalid. The same is, therefore, payable to the next of kin of

the deceased. (*Chamberlain* v. *Chamberlain*, 43 N. Y., 439; *Betts* v. *Betts*, 4 Abb. N. C., *supra*.)

By section 1281 of the Code of Civil Procedure, the costs are in the discretion of the court.

Since the foregoing opinion was written attention has been called to the will of Alexander H. Buel, late of Fairfield, which contained provisions not unlike those in respect to the town of Columbia, in the will before us. That will was judicially examined and construed by the late Judge GRIDLEY, at a Special Term, held in Herkimer county, in August, 1853, and it was adjudged by the court that "the provisions as to said bequest, in favor of the poor of the town and the supervisor thereof, are void; and that the bequest to the town of Fairfield, whether said devise relates to real estate or not, and the trust relating to said devise and bequest to said town of Fairfield are wholly void." (See judgment roll filed in Herkimer, January 10, 1854.)

Judgment should be entered (1) declaring the bequest to school district No. 1, of Columbia, of $300, valid; (2) the bequest to Richfield Springs Lodge, No. 482, valid; (3) the bequest of $1,000 to the town of Columbia, invalid, (4) and that said $1,000 is payable to the next of kin of the testator, to wit, to Joseph Iseman, and that neither party recover costs as against the other.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment ordered (1) declaring the bequest to school district No. 1, of the town of Columbia, of $300, valid, and directing the payment thereof by the executors; (2) also declaring the bequest to the Richfield Springs Lodge of Free and Accepted Masons, No. 482, valid, and the payment thereof by the executors; and also (3) declaring the bequest of $1,000 to the town of Columbia, invalid; and (4) that said $1,000 is payable to Joseph Iseman, as the next of kin of the testator; and (5) that neither party recover costs as against the other.