[L. A. Nos. 539 and 545. Department Two.—September 16, 1899.]

JULIUS MACK, Respondent, v. H. A. JASTRO et al., Supervisors of Kern County, Appellants. TROWBRIDGE & CO. (a Corporation), Intervenor,- Appellant.

STATUTES—REPEAL BY IMPLICATION—REVISION—SUBSTITUTION OF NEW SCHEME.—Repeals of statutes by implication are not favored. But where a later statute is a revision of the entire subject matter of an earlier statute, and is intended to substitute a new and complete scheme for that of the earlier statute, it operates, not so much as a repeal by implication, as that the new and later scheme must prevail as a substitute for the old, even in respect to parts where there are found no inconsistencies or repugnancies between the two, and any part of the old statute which is not included in the new must be ignored and be deemed to have been repealed.

ID.—NEW COUNTY GOVERNMENT ACT—DISPOSITION OF COUNTY BONDS.—The County Government Act of 1897 in reference to the issuance, sale and disposition of county bonds by the board of supervisors of the county is intended to substitute a new and complete scheme in relation to that subject matter, instead of that set forth in the County Government Act of 1893, and to have superseded the earlier scheme in all respects.

ID.—CONTROL OF BONDS BY TREASURER AND SUPERVISORS—REPEAL OF CONFLICTING PROVISIONS.—The County Government Act of

1897 expressly repeals all acts and parts of acts inconsistent therewith, and directly operates to repeal the provisions of the act of 1893 respecting the sale and advertisement of county bonds by the county treasurer, by vesting full power of sale and disposition of such bonds in the supervisors, with the limitation that the bonds shall not be sold at less than par.

ID.—CONTRACT FOR SALE OF REFUNDING BONDS—PLACE OF PAYMENT —WAIVER—INJUNCTION.—A contract by the board of supervisors of Kern county for the sale of refunding bonds at par, to be made payable at a bank in San Francisco, does not constitute such bank a custodian of county funds, or the agent of either party; but such provision, even if void, is separable, and cannot invalidate the whole contract, or affect the obligation of the county to issue legal bonds in pursuance of the contract; and, where it appears that the purchaser has waived the provision in the contract as to the place of payment, a taxpayer of the county cannot maintain an action to enjoin the sale of legal bonds under the contract payable at the county treasury.

ID.—CONTRACT FOR SALE OF REFUNDING BONDS—PLACE OF PAYMENT —BANK IN ANOTHER COUNTY.—Under the County Government Act of 1897, the supervisors may cause the bonds to be made payable "at the treasury of the county, or at such place as such board may designate, or both"; and a contract for the sale of refunding bonds of Kern county, to be made payable at a bank in San Francisco, does not constitute such bank a custodian of county funds, or the agent of either party.

ID.—SEPARABLE PROVISION—WAIVER—INJUNCTION.—The provision making the bonds payable in another county, even if void, is separable, and cannot invalidate the whole contract, or affect the obligation of the county to issue legal bonds under the contract; and, where it appears that the purchaser has waived that provision in the contract, a taxpayer of the county cannot maintain an action to enjoin the sale of legal bonds under the contract, payable at the treasury of the county.

APPEALS from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, and Alvin Fay, District Attorney of Kern, for Supervisors, Appellants in L. A. No. 539, and Respondents in L. A. No. 545.

Lockhart & Smith, and Samuel W. Packard, for Intervenor, Appellant in L. A. No. 545, and Respondent in L. A. No. 539.

George E. Church, and T. M. McNamara, for Plaintiff, Respondent in both appeals.

HENSHAW, J.—Plaintiff, as a resident and taxpayer of Kern county, brought this action to enjoin the defendants, the board of supervisors of the county, from carrying out a contract entered into between them and the intervenor, relative to the sale of refunding bonds of the county. The court decreed a perpetual injunction, and from the judgment the defendants and the intervenor prosecute separate appeals, which, however, may be considered together.

Before the proposition to issue the refunding bonds in question had been submitted to and acted upon by the electors of the county, the supervisors had entered into this contract with Trowbridge & Co., under which the sale and purchase of these bonds was agreed upon. The right and power of the supervisors to dispose of the bonds at all is the principal question here presented. By appellants it is contended that this power is found in the County Government Act of 1897 (Stats. 1897, sec. 25, subd. 13), and by the respondents that it is denied to the supervisors and is vested in the treasurer under the provisions of the County Government Act of 1893. (Stats. 1893, sec. 25, subd. 14.) By appellants it is argued that the County Government Act of 1897 supersedes and repeals the County Government Act of 1893 in these particulars, while by respondents it is insisted that the provisions of the two acts are not inharmonious; that no express repeal is declared, and that in these particulars, therefore, the two acts should be so construed that all the consistent provisions of both may stand.

We think, however, that a reading of the two sections at once discloses that the legislature in the County Government Act of 1897 designed and devised a new and complete scheme for the issuance of, county bonds, and, while it is true that repeals by implication are not favored, whenever it becomes apparent that a later statute is revisory of the entire matter of an earlier statute, and is designed as a substitute for it, the later statute will prevail, and the earlier statute will be held to have been superseded, even though there be found no inconsistencies or repugnancies between the two. Frequently, these cases arise where the later statute covering the whole subject matter omits or fails to, mention certain terms or requirements found in an earlier, and it is insisted, as here, that those particular pro-

visions of the earlier statute should be held to be still in force.
But, as is said by the supreme court of the United States in
*Murdock v. Mayor etc.*, 20 Wall. 590, where a like question was
presented to the consideration of that tribunal: "It will be per-
ceived by this statement that there is no repeal by positive
new enactments inconsistent in terms with the old law.   It is
the words that are wholly omitted in the new statute which
constitute the important feature in the questions thus pro-
pounded for discussion. . . . . A careful comparison of these
two sections can leave no doubt that it was the intention of
Congress by the latter statute to revise the entire matter to
which they both had reference, to make such changes in the
law as it stood as they thought best, and to substitute their
will in that regard entirely for the old law upon the subject.
We are of opinion that it was their intention to make a new
law so far as the present law differed from the former, and
that the new law embracing all that was intended to be pre-
served of the old, omitted what was not so intended, because
complete in itself, and repealed all other law on the subject
embraced within it.   The authorities on this subject are clear
and uniform."   (Upon this same subject see *Pierpont v. Crouch,*
10 Cal. 315; *Sacramento v. Bird,* 15 Cal. 295; *State v. Conkling,*
19 Cal. 501; *Charnock v. Rose,* 70 Cal. 189; Black on Interpre-
tation of Laws, 116; Sedgwick on Statutory Law, 124; *Fisk v.
Henarie,* 142 U. S. 459; *King v. Cornell,* 106 U. S. 395; *District
of Columbia v. Hutton,* 143 U. S. 18.)   The facts in the case
above quoted and in the one at bar are strictly analogous, and
the principle declared is pertinent and decisive.   It would un-
duly and unnecessarily prolong this consideration to set forth
the two statutes for purposes of comparison and contrast, but,
as has been said, a mere reading of the two will at once disclose
that the legislature, by the latter, formulated a plan for the
issuance of bonds, full and complete in itself, and, therefore, a
plan which superseded its earlier declaration on the matter.   It
is not so much a repeal by implication as it is that, the legis-
lature having made a new and complete expression of its will
upon the subject, this last expression must prevail, and what-
ever is excluded therefrom must be ignored.

This discussion has so far proceeded upon the assumption

that there ·is no inconsistency between the two acts upon the question of the right and power to dispose of the bonds, but there is a direct conflict in this particular, and for this further reason the later act must prevail. The act of 1897 provides that "all acts and parts of acts inconsistent with this act are hereby repealed." As to the disposition of the bonds, it is provided "that said bonds shall be sold in the manner prescribed by said board of supervisors, but for not less than par." By the act of 1893 it is provided that the bonds shall be delivered to the county treasurer and his receipt taken therefor, and he shall sell the same or exchange them under the direction of the board of supervisors on the best available terms, et cetera. And, further, that "no sale shall be made of any such bonds except to the highest bidder, after advertising bids for the purchase of the same for not less than three weeks," et cetera. By the earlier act it is the county treasurer who stands charged with the duty of selling the bonds after advertising for bids. By the later act full power in this regard is vested in the board of supervisors, the only limitation upon the power being that they shall not sell the bonds for less than par.

The provision in the contract that the bonds shall be payable at Wells, Fargo & Co.'s Bank at San Francisco, California, even if it be conceded to be void, is a severable provision, and would not invalidate the whole contract. (*Los Angeles v. Teed,* 112 Cal. 319, 329; *Johnson v. Starke County,* 24 Ill. 75; *Sherlock v. Winnetka,* 68 Ill. 530; *Endfield v. Jordan,* 119 U. S. 680.) The act of 1897 expressly authorizes the supervisors to cause the bonds to be made payable "at the treasury of the county, or at such place as such board may designate, or both." (Stats. 1897, p. 461.) In *Los Angeles v. Teed, supra,* the discussion turned upon the provision making the bonds payable without the state of California and in the state of New York. It was there said that no law authorized the treasurer to go to New York with the money, and that to remit the money to the bank for payment would be to make the bank a depositary and agent within the constitutional inhibition. (Const., art. XI, secs. 13, 16.) The mere naming of a bank as the place of payment does not, however, constitute the bank the custodian of funds or the agent of either party. (*Hills v. Place,* 48 N. Y. 520; 8 Am.

Rep. 56S ) Moreover, it appears that Trowbridge & Co. has waived this provision in the contract as to place of payment. By the contract the supervisors are called upon, as of right they should do, to issue legal bonds. If this particular provision should be void, it would not warrant a finding that the whole contract is void, nor justify the supervisors in refusing to issue bonds omitting the obnoxious provision as to place of payment.

The judgment appealed from is reversed, and, as the cause was decided upon the pleadings and papers in the case, it is directed that the trial court enter judgment for defendants and intervenor.

McFarland, J., and Temple, J., concurred.