## THE STATE BOARD OF HEALTH

*v.*

## WILLIAM FRANK ROSS.

*Opinion filed June 19, 1901.*

191      87
102a ¹392

1. STATUTES—*complete revision of a subject matter repeals prior act.* A statute which completely revises the subject matter of a prior act and provides a perfect system in itself, operates as a repeal of such prior act although it does not contain an express repealing clause.

2. MEDICINE AND SURGERY—*act of 1899, regulating practice of medicine and surgery, is the only one in force.* The act of 1887, to regulate the practice of medicine and surgery in Illinois, being a complete revision, repeals by implication the act of 1877; and since the act of 1899 (Laws of 1899, p. 273,) expressly repeals said act of 1887, the act of 1899 has become the measure of the power of the State Board of Health with respect to all matters embraced in the latter act.

3. SAME—*provisions of sections 2 and 6 of act of 1899 construed.* The provision in section 2 of the act of 1899, regulating the practice of medicine, (Laws of 1899, p. 274,) to the effect that no person "shall hereafter begin the practice of medicine" without first obtaining a license from the State Board of Health, by implication excludes persons practicing medicine prior to July 1, 1899, when the act took effect; and the provision in section 6 giving the board of health power to revoke "such certificates" refers only to certificates issued under the provisions of the act.

4. SAME—*board of health cannot revoke licenses issued prior to July 1, 1899.* The act of 1899, to regulate the practice of medicine, does not empower the State Board of Health to discipline holders of certificates to practice medicine issued prior to July 1, 1899, nor to revoke such certificates.

*State Board of Health* v. *Ross*, 91 Ill. App. 281, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

J. A. BARNES, and RUFUS COPE, for appellant.

JAMES LANE ALLEN, for appellee.

Per CURIAM: The opinion of the Appellate Court by Mr. Justice WINDES in disposing of this case is as follows:

"Appellee, a licensed physician and surgeon in Illinois since May 4, 1895, received a notice from appellant, the State Board of Health, on September 21, 1899, directing him to appear before said board to show cause why his certificate or license issued to him by the board should not be revoked for unprofessional and dishonorable conduct, setting out divers specifications of such alleged conduct. He filed his bill in the circuit court setting up these facts, and alleging that the board intended to revoke his certificate, that he was receiving profits and emoluments from his profession, and that the proposed action of the board would greatly and irreparably damage him, and praying an injunction against the board from proceeding against him to hear or adjudicate said charges or to revoke his certificate. The demurrer of appellant to the bill was overruled by the chancellor, and appellant refusing to plead further or to answer the bill, and electing to stand by its demurrer, the court entered a decree in accordance with the prayer of the bill, to reverse which this appeal is prosecuted.

"The question presented for decision is, whether, under the present act of the legislature of this State to regulate the practice of medicine, (Hurd's Stat. 1899, chap. 91,) in force July 1, 1899, the State Board of Health has power to discipline and revoke the certificates of persons who had been licensed to practice medicine and surgery by the board prior to that date.

"The first act in this State relating to the practice of medicine came in force July 1, 1877, and is entitled 'An act to regulate the practice of medicine in the State of Illinois.' It provides for medical examinations by a board of examiners to be appointed by the State Board of Health, and for the issuance of certificates to practice medicine, and section 10 of this act provides that the board may refuse certificates to individuals guilty of un-

professional or dishonorable conduct, and for a revocation of certificates for like causes, with an appeal to the body appointing the board. Another act relating to the practice of medicine was enacted, approved June 16, 1887, and in force July 1, 1887, section 9 of which provides that the board of health may refuse to issue the certificates provided for in section 2 of the act to individuals guilty of unprofessional or dishonorable conduct, and that it may revoke such certificates for like causes, and in case of refusal or revocation, for an appeal to the Governor. Section 12 of this act contains the provision, 'all persons holding a certificate on account of ten years' practice shall be subject to all the requirements and discipline of this act and the act to which this is an amendment, in regard to their future conduct in the practice of medicine, the same as all other persons holding certificates.' Section 14 is as follows: 'All acts and parts of acts inconsistent or in conflict with this act are hereby repealed.'

"The present act on this subject, which went into force July 1, 1899, is entitled 'An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named.' The repealing clause of this act (section 12) is as follows: 'An act to regulate the practice of medicine in the State of Illinois, approved June 17 (16), 1887, in force July 1, 1887, and all other acts and parts of acts inconsistent with this act, are hereby repealed.' Section 6 of the act of 1899 is as follows: 'The State Board of Health may refuse to issue the certificates provided for in this act to individuals who have been convicted of the practice of criminal abortion, or who have by false or fraudulent representation obtained or sought to obtain practice in their profession, or by false or fraudulent representation of their profession have obtained or sought to obtain money or any other thing of value, or who advertise under other names than their own, or for any other unprofessional or dishonor-

able conduct, and the board may revoke such certificates for like causes: *Provided,* that no certificate shall be revoked or refused until the holder or applicant shall be given a hearing before the board.'

"The present act purports by its title to be a complete revision of the subject matter of the practice of medicine, and by its various provisions indicates that it was so intended.   Section 2 provides that 'no person shall hereafter begin the practice of medicine, or any of the branches thereof, or midwifery, in this State without first applying for and obtaining a license from the State Board of Health to do so,' and details the manner in which a license may be obtained.   Subsequent sections provide as to when the license shall issue; that it should be recorded in the office of the county clerk where the licensee resides or practices, within three months of its date, where a list of licenses should be kept; fees for examination and issuing the license; who should be regarded as practicing medicine within the meaning of the act, and license fees to be paid by itinerant vendors of drugs.   Section 9 provides severe penalties to be imposed on any person practicing medicine or surgery in the State 'without a certificate issued by this board in compliance with the provisions of this act,' and further, 'that this section shall not apply to physicians who hold unrevoked certificates from the State Board of Health issued prior to the time of the taking effect of this act.'

"It is claimed by counsel for appellant that the words 'such certificates,' in section 6 of the present act, are a substitute for and mean certificates or licenses to practice medicine, and that it was intended by the legislature to include in the words 'such certificates' all certificates issued by the board of health prior to July 1, 1899, and that the holders of all certificates issued prior to that date are subject to discipline by the board, as provided by the present act, to the same extent and in the same manner as the holders of certificates issued since that

date by the board; also, that if the act of 1899 only relates to certificates issued under that act, then that section 10 of the act of 1877 must be held to be still in force, and to give the board the power to revoke certificates issued prior to July 1, 1899.

"An examination of the act of 1887 shows that it is a complete revision of the whole subject matter of the former act of 1877, is a complete and perfect system in itself, and, as we have seen, was an act to regulate the practice of medicine in the State of Illinois, and gave power to the board of health to revoke certificates of persons licensed under the act, for unprofessional or dishonorable conduct.   This being so, the act of 1887 operated as a repeal of the act of 1877, without any reference to the express repealing clause contained in the former act. (*Culver* v. *Third Nat. Bank,* 64 Ill. 528, and cases there cited; *Devine* v. *Board of Comrs.* 84 Ill. 590; *People* v. *Town of Thornton,* 186 id. 162; Sutherland on Statutory Const. sec. 156; *Norris* v. *Crocker,* 13 How. 438.) In the *Devine case* the court say: 'A subsequent statute revising the whole subject of a former one, and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former.'   In the very recent case of *People* v. *Town of Thornton, supra,* the Supreme Court say:   'Where the legislature frames a new statute upon a certain subject matter, and the legislative intention appears from the latter statute to be to frame a new scheme in relation to such subject matter and make a revision of the whole subject, there is, in effect, a legislative declaration that whatever is embraced in the new statute shall prevail and that whatever is excluded is discarded.   The revision of the whole subject matter by the new statute evinces an intention to substitute the provisions of the new law for the old law upon the subject.'

"It follows that the claim that the act of 1877 is still in force is untenable, as it is repealed by the act of 1887.

The present act, as has been seen, besides being a complete revision of the whole subject matter of the act of 1887, has an express clause repealing the latter act, and therefore we have only to consider the power of the State Board of Health under the present act.

"The provision in section 2 above quoted, to the effect that no person shall hereafter begin the practice of medicine without first obtaining a license from the State Board of Health, by implication excludes persons practicing medicine prior to the date July 1, 1899, when the act went into effect. The provision in section 4 requiring the certificate or license to be recorded in the county clerk's office within three months from its date, was evidently intended to apply to certificates issued under the act. The provision in section 6 giving the board power to revoke 'such certificates,' plainly refers to certificates issued under the act, because the part of the section relating to the revocation of certificates is contained in one sentence, the first part of which says: 'The State Board of Health may refuse to issue the certificates *provided for in this act,*' and there is no language in the sentence or in this section of the act referring to any other certificates. Section 9, which prescribes the penalty for practicing medicine or surgery, relates to certificates 'issued by this board in compliance with the provisions of this act,' and, as we have seen, the same section provides that it shall not apply to physicians holding certificates issued prior to the time of the taking effect of the act.

"If it was the intention of the legislature to give the board of health the power to discipline the holders of certificates issued prior to July 1, 1899, and to revoke such certificates, it has certainly failed to express such intention by this act. We are of opinion that the language of the act is too plain to admit of the construction contended for by appellant. When the language of a statute is clear and plain there is no room for construction, and we are not at liberty to speculate upon what

was the intention of the legislature.  *Martin* v. *Swift*, 120 Ill. 488; *Ottawa Gas Light Co.* v. *Downey*, 127 id. 201; *Chicago, Milwaukee and St. Paul Railroad Co.* v. *Dumser*, 109 id. 402; Sutherland on Statutory Const. secs. 235-238.

"If the consequences of interpreting the statute according to its plain and obvious meaning are likely to prove disastrous to the people of the State at large, as contended by counsel and as would seem not improbable, considering the large number of physicians and surgeons throughout the State and the temptations to obtain money and practice by a resort to dishonorable conduct which are supposed to beset professional men, the responsibility must rest with the legislature, and not the courts.    If the tendency of a law is vicious, the stricter its enforcement the sooner it will be amended or repealed. This statute is in its nature highly penal, should be strictly construed, and should not be held to include persons not clearly and plainly within the scope of its provisions.    *People* v. *Peacock*, 98 Ill. 172; *Siegel* v. *People*, 106 id. 89; Potter's Dwarris on Stat. 245; Sutherland on Statutory Const. sec. 208.

"We do not discuss the several principles in the construction of statutes referred to in the brief of counsel for the appellant, for the reason that in our opinion the principles of construction above stated are controlling in this case.

"The decree of the circuit court is therefore affirmed."

We have carefully examined all of the questions involved, and considered the criticisms of the opinion by counsel and their arguments against the correctness of the same, and are of the opinion the conclusions reached and announced in the opinion are correct.

The opinion of the Appellate Court is adopted as the opinion of this court, and the judgment of this court is affirmed.                          *Judgment affirmed.*