[No. 1682.]

THE STATE OF NEVADA, ex rel. JOSEPH WEY-ERHORST, Relator and Appellant, *v.* S. L. LEE, Secretary of the Nevada State Board of Medical Examiners, Respondent.

PRACTICE OF MEDICINE—TEMPORARY LICENSE—STATUTES—IMPLIED REPEAL.
Act of March 15, 1899 (Stats. 1899, p. 88, c. 73; Comp. Laws, 1542), creating a state board of medical examiners, regulating the practice of medicine and surgery, and authorizing the issuance of temporary certificates entitling applicants to practice medicine until the next regular meeting of the board, is wholly repealed by Stats. 1905, p. 87, c. 63, also entitled "An act regulating the practice of medicine," declaring all acts and parts of acts in conflict therewith repealed, providing that it shall be unlawful for any person to practice medicine without first obtaining a license from the state board of medical examiners, and making no provision for a temporary license.

APPEAL from the District Court, Nye County; *Peter Breen,* Judge.

*Mandamus* by the State, on relation of Joseph Weyerhorst, against S. L. Lee, as Secretary of the Nevada State Board of Medical Examiners. From a judgment and order sustaining a demurrer to the petition, relator appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*George A. Clark,* for Relator and Appellant:

I. This is an appeal from the order and judgment of the district court sustaining the demurrer to the amended application and affidavit in *mandamus,* which, for the sake of brevity, we will refer to as the complaint. As the demurrer specifies that the only grounds of objection to the complaint are that it does not state facts sufficient to constitute a cause of action, this review of the judgment and order on demurrer is confined to the question of the sufficiency of the complaint.

(Comp. Laws, 3136.)   The act of 1899 concerning physicians and surgeons contained this clause: "When the board is not in session its secretary may issue a temporary certificate whenever an applicant shall have deposited the usual fee and filed his diploma or license with him, and such temporary certificate shall entitle the holder to practice until the next regular meeting of said board."   The act of May 3, 1905 enacted various provisions on the same subject.   Upon the subject of temporary certificates its provisions are silent. It contains this express repealing clause: "SEC. 18.   All acts and parts of acts in conflict with this act are hereby repealed." Appellant contends that the lower court erred: (1) In denying the motion for an order permitting appellant to practice until the further order of the court; (2) in sustaining the demurrer to the complaint; (3) in rendering judgment upon the order sustaining the demurrer, for the reason that each is against law.

II.   Appellant submits, first, that the express repealing clause of the act of 1905 does not repeal the temporary certificate clause of the act of 1899.   Appeals and the rules of law governing their construction are divided into two classes: (*a*) Express repeals.   (*b*) Repeals by implication.   Repeals by implication occur only where the later statute contains no express repealing clause repugnant to and inconsistent and irreconcilable with prior enactments relating to the same subject-matter.   (Am. & Eng. Ency. Law (O. S.), vol. 23, p. 479; Id. (N. S.), vol. 26, p. 717.)   In the act of 1905, the repealing clause is "in conflict with."   No conflict can be predicated as between two statutes in relation to a subject legislated upon in the one and omitted in the other.   (Conflict defined, Webster's Dict., Am. & Eng. Ency. Law (O. S), vol. 23, p. 479; Id. (N. S.), vol. 26, p. 717, and cases cited; *Barden* v. *Wells*, 14 Mont. 462; *People* v. *Durick*, 20 Cal. 94; *In re Yick Wo* (Cal.), 9 Pac. 139; *U. S.* v. *Greathouse*, 166 U. S. 601.)

III.   "Where an act is passed covering the whole of a particular field of legislation it is customary to insert a general clause repealing 'all acts and parts of acts inconsistent therewith.'   Such a clause is effective in repealing acts inconsistent

therewith. Only those acts on the same subject or parts of such acts clearly inconsistent and irreconcilable with the provisions of the repealing act are rendered invalid and only to the extent of the conflicting provisions." (Am. & Eng. Ency. (O. S.), vol. 23, p. 477.) *Barden* v. *Wells*, cited above, is squarely on all-fours with the case at bar. A number of decisions will be noted in which the general premise is stated to the effect that when the latter act appears by its provisions to have been intended to supersede all previous enactments on the same subject, it will be held to have repealed them *in toto*. A careful examination of these decisions will disclose that in all the cases either that the entire subject of both acts and all the provisions of the earlier acts were expressly covered by the provisions of the later enactment, or that the intent of the legislature to wholly supersede the former enactments was justly, fairly, and reasonably to be inferred from the provisions of, and the language used in, the later act. In the case at bar the act of 1905 does not cover the subject of temporary certificates or even allude to it. By its terms regular meetings of the board, at which applications to practice are heard and passed upon, are held on the first Mondays of May and November only. Can it be inferred in justice, fairness, or reason that the Nevada Legislature intended that persons applying between sessions of the board, for example, on the first Tuesdays of May and November, and exhibiting to its secretary diplomas, licenses, or other *prima facie* evidences of their qualifications to be entitled to the right to practice their profession, should be arbitrarily denied their right, under penalty of prosecution for a misdemeanor, during the six months intervening before the next regular meeting of the board? We submit that to impute such an intention to the Legislature of Nevada would be as unfair to that body as its expression and effect would be to this appellant and other applicants.

IV. The clause of the act of 1899 relating to the issuing of temporary certificates did not confer upon the secretary of the board a judicial power or the exercise of a discretion. It charged him with the performance of a purely ministerial duty, upon the filing by an applicant of his diploma or

license, and the word "*may*" is mandatory and to be construed as "*must.*" The power is conferred upon the secretary as an individual member of the board. If the legislature had intended to confer a judicial power or the exercise of a discretion, it would have reposed it in the board and not in the secretary. "What a public corporation or officer is empowered to do for others, and it is beneficial to them to have done, the law holds he ought to do." This forceful statement of the rule, in the language of the Supreme Court of the United States, is reiterated in many decisions. (*Mason* v. *Fearson*, 9 How. (U. S.) 247; *Thompson* v. *Carrol*, 22 How. 422; *Kohen* v. *Hinshaws*, 20 Pac. (Or.) 629; *Estate of Walley*, 11 Nev. 260; *Ballantine's Estate*, 45 Cal. 696; *Supervisors* v. *U. S.*, 4 Wall. 445; *Bank* v. *Neill*, 13 Mont. 382; *M. O. P. Co.* v. *Lindsay* (Mont.) 63 Pac. 71; *Rex* v. *Thurston*, 7 Hawaii, 523; Am. & Eng. Ency. Law (O. S.), vol. 15, p. 979, and cases there cited.) The lower court possessed the power, inherent in all courts of record for the purpose of promoting justice, and undoubtedly conferred upon it under the provisions of the Nevada constitution, to make an order permitting appellant to practice. This court possesses the same power. (Const. Nev., Comp. Laws, 115–117.)

*Wm. M. Forman* and *W. B. Pittman*, for Respondent:

I. The lower court had no power to make an order permitting the appellant to practice medicine and surgery pending the determination of the *mandamus* proceeding. The *mandamus* proceeding is a legal action, the state board of medical examiners alone having power in the first instance to grant certificates to practice medicine and surgery in the State of Nevada. Had the appellant complied with the law and the board refused to act, then appellant might have invoked the aid of the court to compel action, but the court could not authorize the appellant to continue violating the laws of the state pending the determination of his rights in the *mandamus* proceeding. The action of the court in sustaining the demurrer to the complaint was legal and proper. The ordinary rules of pleading in other actions apply to a demurrer in *mandamus* proceeding. A demurrer on motion

to quash should as a general rule be made before answer or reply. (Ency. Pl. & Pr. vol. 13, pp. 698–700.) A demurrer does not admit conclusions or inferences set up in the pleading demurred to. Thus the construction of a statute is not admitted. (Ency. Pl. & Pr. vol. 13, pp. 698–700.) The applicant assumes in his complaint and contends in this court that the act of March 15, 1899, so far as the same relates to the issuance of temporary certificates by the secretary of the state board of medical examiners, is not repealed by the act of 1905, p. 87. Even were this true, then the complainant does not bring himself within the provisions of the act of March 15, 1899, p. 88, so as to entitle him to such a temporary certificate.

Section 4 of the act of March 15, 1899, provides: "Said board shall also issue a certificate to any person who shall have been regularly engaged in the practice of medicine and surgery within this state for five years immediately preceding the passage of this act, and who after an examination by said board shall be found to be qualified to practice medicine and surgery. It shall also issue a certificate to any person who has had issued to him a diploma or license from any reputable school or college of medicine and surgery which is located without the United States, upon the applicant being found competent after having passed a satisfactory examination by said board. When the board is not in session its secretary may issue a temporary certificate whenever an applicant shall have deposited the usual fee and filed his diploma or license with him, and such temporary certificate shall entitle the holder to practice until the next regular meeting of said board." This section further provides that all examinations shall be thorough and searching and prescribes the branches upon which such examinations shall be had. The appellant in the case at bar does not come within the provisions of this section so as to entitle him to a license to practice nor to a temporary certificate. His complaint shows that he has resided in this state since April 21, 1905, nor does his complaint allege that he offered to submit to an examination so that the board might ascertain whether or not he was competent.

It appears from the amended complaint that the applicant is a graduate of a college in Belgium. This being true, then, under the law of 1899, before the applicant could be admitted to practice medicine and surgery in this state, he must have passed an examination. The respondent, therefore, under the law of 1899, would have had no right to issue a temporary certificate. It follows that, even had the law of 1899 not been repealed by the act of 1905, the appellant has no standing in court, and had the respondent issued to the applicant a temporary certificate he would have done what the whole board, when in regular session, would not have been authorized to do. It cannot be assumed that the legislature intended to delegate to the secretary greater power than that conferred upon the whole board. Moreover, the complaint alleges that applicant made his application to the board on April 29, 1905, and a temporary certificate, had it been issued, would only have been good until the regular meeting of the board, which, under the law of 1899 (sec. 2), was on the first Monday in May—May 1, 1905—at which time the applicant could have presented his application and diploma, and, if entitled to practice, a certificate would have been issued. Respondent insists that, even though the applicant had brought himself within the strict letter of the statute, and even though the act of 1905 did not repeal the act of 1899 in relation to the granting of the temporary certificate by the secretary, yet it was discretionary with the secretary whether or not he issued a temporary certificate.

In construing a statute "the whole statute and all its parts are to be taken together, and the intention so ascertained will prevail over its literal import and strict letter. In construing a section of an act regard must first be had to the language of the clause itself, and that construction should be adopted which consistently makes the whole act stand together or reduces the inconsistency to the smallest possible limit." (Am. & Eng. Ency. Law, vol. 26, p. 616.) The secretary of the board of medical examiners, under the acts of 1899 and 1905, is also one of the members of the board. The law then was evidently intended to give him some discretion in the matter of issuing a temporary certificate to

one whose diploma and application does not bring him within the provisions of the statutes. Hence, in the light of the act of 1899, construed as a whole, the words "*may* issue a temporary certificate" do not mean "*must* issue a temporary certificate." "In a statute the word '*may*' can be construed in a mandatory sense where such construction is necessary to give effect to the clear policy and intention of the legislature, and, where there is nothing in the connection of the language or in the sense or policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary." (Am. & Eng. Ency. Law, vol. 20, p. 237, and cases cited.)

II. There can be no doubt whatever of the intent of the legislature to repeal the act of March 15, 1899, by the act of March 4, 1905. In the title of the act of March 4, 1905, p. 87, it provides for the repeal of "all acts or parts of acts in conflict therewith." Also, section 18 of this act is as follows: "All acts or parts of acts in conflict with this act are hereby repealed." The law of 1905 nowhere makes provision for the issuance of a temporary certificate to practice medicine and surgery, either by the secretary or by any other person or persons. The act provides (sec. 4) that the board shall meet on the first Monday in May, 1905, and organize, and that thereafter said board shall meet on the first Monday in May and November of each year, and may also hold special meetings. Section 5 of the act provides that the board shall receive, through the secretary, applications for the certificates provided to be issued under the act. The act of 1899 nowhere provided for any special meeting of the board, and hence the reason in giving the secretary authority to issue a temporary certificate to applicants, while, under the act of 1905, section 4 provides that special meetings may be held at the call of the president by giving notice of such meeting. It is plain, therefore, that the legislature intended that certificates should only be granted by the board.

"If two statutes on the same subject are mutually repugnant, the latter act, without any repealing clause, operates in the absence of expressed intent to the contrary as a repeal of the earlier one, on the obvious principle that the

enactment of provisions inconsistent with those previously existing manifests a clear intent to abolish the old law." (*Thorpe* v. *Schooling*, 7 Nev. 15; Am. & Eng. Ency. Law, vol. 26, p. 723.)

In *mandamus* it must appear that the defendant yet has it in his power to perform the duty required of him; and the writ will be refused if it be manifest that it would be vain and fruitless or cannot have a beneficial effect. (*State* v. *Waterman*, 5 Nev. 326.) The act of 1905 (sec. 17) provides that every person practicing medicine, surgery, or obstetrics in the State of Nevada on the first Monday of May, 1905, shall submit his or her diploma or his or her certificate to the board for registration, and if the diploma be from a medical college in good standing a certificate to practice may be granted. This the applicant has failed to do, else he would have so pleaded. "Statutes similar to the one under consideration, denying to all physicians in the state lawfully engaged in practice the right to continue such practice until they conform to the requirements of the statute, and restricting the practice of medicine to persons who are able to demonstrate their qualifications, have been held a proper exercise of the police power of the state in nearly every state of the Union." (*State* v. *Webster*, 150 Ind. 607, and cases therein cited.)

The applicant is not entitled to the relief he asks, but must do like all others are required to do—submit his credentials, make the affidavits required by section 7 of the act of 1905, show by the affidavit of two freeholders of the county that he is the identical person named in the diploma which he files, and that he is of good moral character and standing and reputable, and if he has not been guilty of any unprofessional conduct, no doubt he will be permitted to practice medicine and surgery in all its branches. The fact that he has failed to do this shows clearly that he has doubts as to his ability to show himself competent to obtain a license, and the court should refuse him aid unless he has clearly shown he is entitled to it, which he has wholly failed to do. The complaint states no cause of action, hence the lower court properly sustained the demurrer.

By the Court, NORCROSS, J.:

This is an appeal from a judgment and from an order sustaining a demurrer to appellant's petition to the Third Judicial District Court of the State of Nevada, in and for the County of Nye, for a writ of mandate to be directed to respondent requiring him, as the secretary of the state board of medical examiners, to issue to appellant a temporary certificate entitling appellant to practice his profession of medicine and surgery in this state until the next regular meeting of the state board of medical examiners. Relator, by his petition, claims to be qualified to have issued to him by the state board of medical examiners a certificate or license entitling him to practice his profession in the State of Nevada, and that under the provisions of section 4 of an act entitled "An act providing for the creation of a state board of medical examiners, and to regulate the practice of medicine and surgery in the State of Nevada," approved March 15, 1899 (Stats. 1899, p. 89, c. 73; Comp. Laws, 1542), it is the duty of the respondent, as the secretary of the state board of medical examiners, to issue to him a temporary certificate entitling relator to practice until the next regular meeting of the board.

The only material question presented upon this appeal is whether or not that portion of the said act of 1899 providing for the issuance of temporary certificates by the secretary of the state board of medical examiners has now any force as a part of the law of this state regulating the practice of medicine and surgery. The legislature of this state at its last session passed an act entitled "An act regulating the practice of medicine, surgery, and obstetrics in the State of Nevada; providing for the appointment of a state board of medical examiners and defining their duties; providing for the issuing of licenses to practice medicine; defining the practice of medicine; defining certain misdemeanors and providing penalties; and repealing all other acts, or parts of acts, in conflict therewith," approved March 4, 1905. (Stats. 1905, p. 87, c. 63.) The court below held that the effect of the act of 1905 was to repeal the act of 1899, and, as the act of 1905 contained no provision for the granting

of temporary certificates to applicants to practice medicine, surgery, or obstetrics, there remained nothing upon which to base a writ of mandate. The correctness of the decision of the trial court is maintained by counsel for respondent, while counsel for appellant takes the position that the provision of the act of 1899, authorizing the issuance of temporary certificates by the secretary of the state board of medical examiners, is not in conflict with any provision of the act of 1905, and, as the latter act does not contain any clause expressly repealing the act of 1899, the provision in question is still in force.

A careful comparison of the two acts, however, leads to the conclusion that, under a well-settled rule of statutory construction, the entire act of 1899 is repealed by the act of 1905. The act of 1905 is a comprehensive measure, complete in itself, revising the whole subject-matter of the act of 1899, and evidently intended as a substitute for it, although it contains no express words to that effect. In the case of *Bartlett et al.* v. *King, Executor*, 12 Mass. 537, 7 Am. Dec. 99, the rule applicable to this case was stated as follows: "A subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former." This court has heretofore twice quoted with approval the rule as above declared in the Bartlett case, and it is supported by abundant authority from other courts. (*Thorpe* v. *Schooling*, 7 Nev. 15; *State* v. *Rogers*, 10 Nev. 319; *Mack* v. *Jastro*, 126 Cal. 132, 58 Pac. 372; *State Board of Health* v. *Ross*, 191 Ill. 87, 60 N. E. 811.) See, also, 26 Am. & Eng. Ency. Law, 2d ed. 731, and authorities cited in note 4.

The case of *State Board of Health* v. *Ross, supra*, is particularly in point, and we quote a brief extract from the opinion in that case: "An examination of the act of 1887 shows that it is a complete revision of the whole subject-matter of the former act of 1877, is a complete and perfect system in itself, and, as we have seen, was an act to regulate the practice of medicine in the State of Illinois, and gave power to

the board of health to revoke certificates of persons licensed
under the act for unprofessional or dishonorable conduct.
This being so, the act of 1887 operated as a repeal of the act
of 1877, without any reference to the express repealing clause
contained in the former act. (*Culver* v. *Bank*, 64 Ill. 528,
and cases there cited; *Devine* v. *Board of Commissioners*, 84
Ill. 590; *People* v. *Town of Thornton*, 186 Ill. 162, 57 N. E.
841; Sutherland on Statutory Const. 156; *Norris* v. *Crocker*,
13 How. 438, 14 L. Ed. 210.) In the Devine case the court
say: 'A subsequent statute revising the whole subject of a
former one, and intended as a substitute for it, although it
contains no express words to that effect, operates as a repeal
of the former.' In the very recent case of *People* v. *Town of
Thornton*, *supra*, the supreme court say: 'Where the legis-
lature frames a new statute on a certain subject-matter, and
the legislative intention appears from the latter statute to be
to frame a new scheme in relation to such subject-matter and
make a revision of the whole subject, there is, in effect, a
legislative declaration that whatever is embraced in the new
statute shall prevail, and that whatever is excluded is dis-
carded. The revision of the whole subject-matter by the
new statute evinces an intention to substitute the provisions
of the new law for the old law upon the subject.' It follows
that the claim that the act of 1877 is still in force is untenable,
as it is repealed by the act of 1887."

In the case of *Mack* v. *Jastro*, *supra*, the question involved
was whether the county government act of 1897 operated as
a repeal of the county government act of 1893. The court
in that case say: "We think, however, that a reading of the
two sections at once discloses that the legislature in the
county government act of 1897 designed and devised a new
and complete scheme for the issuance of county bonds, and,
while it is true that repeals by implication are not favored,
whenever it becomes apparent that a later statute is revisory
of the entire matter of an earlier statute, and is designed as
a substitute for it, the latter statute will prevail, and the
earlier statute will be held to have been superseded, even
though there be found no inconsistencies or repugnancies
between the two. Frequently these cases arise where the

later statute covering the whole subject-matter omits or fails to mention certain terms or requirements found in an earlier, and it is insisted, as here, that those particular provisions of the earlier statute should be held to be still in force. But, as is said by the Supreme Court of the United States in *Murdock* v. *Mayor*, 20 Wall. 590, 22 L. Ed. 429, where a like question was presented to that tribunal: 'It will be perceived by this statement that there is no repeal by positive new enactments inconsistent with the old law. It is the words that are wholly omitted in the new statute which constitute the important feature in the questions thus propounded for discussion. * * * A careful comparison of these two sections can leave no doubt that it was the intention of Congress by the latter statute to revise the entire matter to which they both had reference, to make such changes in the law as it stood as they thought best, and to substitute their will in that regard entirely for the old law upon the subject. We are of opinion that it was their intention to make a new law so far as the present law differed from the former, and that the new law embracing all that was intended to be preserved of the old, omitted what was not so intended, because complete in itself, and repealed all other law on the subject embraced within it. The authorities on this subject are clear and uniform.'" After citing a number of additional authorities the court further say: "The facts in the case above quoted and in the one at bar are strictly analogous, and the principle declared is pertinent and decisive. It would unduly and unnecessarily prolong this consideration to set forth the two statutes for purposes of comparison and contrast; but, as has been said, a mere reading of the two will at once disclose that the legislature, by the latter, formulated a plan for the issuance of bonds, full and complete in itself, and therefore a plan which superseded its earlier declaration on the matter. It is not so much a repeal by implication as it is that, the legislature having made a new and complete expression of its will upon the subject, this last expression must prevail, and whatever is excluded therefrom must be ignored."

Counsel for appellant, while admitting the correctness of

the rule relied on, argues that it is not applicable to statutes like that of 1905 in question, for the reason that, the legislature having in the repealing clause of the act expressed its intention as to the extent the act should operate as a repeal of former statutes or provisions of law, such repealing clause is controlling. Section 18 of the act of 1905 contains this repealing provision: "All acts and parts of acts in conflict with this act are hereby repealed." From this position counsel argues that the provisions of the act of 1899, relative to the granting of temporary certificates by the secretary of the board of medical examiners, are not in conflict with the provisions of the act of 1905, and hence are still in force and impose the duty upon respondent to grant the temporary certificate demanded of him. Counsel has cited one or two authorities which seem to support his contention, particularly the case of *Barden* v. *Wells*, 14 Mont. 462, 36 Pac. 1076. In the case last mentioned the court gave a literal construction to a repealing clause similar to that contained in the act of 1905 in question, and virtually held that it alone was determinative of the intention of the legislature in so far as the repealing effect of the statute was concerned. If it was the intention of the Montana court to hold the rule applied in the Barden case to be an inflexible one, to be applied in all cases where statutes containing similar repealing clauses are to be construed, then it becomes a rule of interpretation to which we cannot subscribe. Where the rule which we have held to be governing in this case has been applied by the courts generally, repealing provisions of a general nature like that herein in question have not been given controlling effect in determining the intention of the legislature as to the extent the act should operate to repeal former statutes or provisions thereof. If from the entire body of the statute the legislative intent is plainly manifest, that intent is controlling and will be given effect, even though a single section, taken alone, might be so construed as to manifest a different intent. The same rules of construction are applicable to repealing clauses as to other portions of a statute. (*Smith* v. *People*, 47 N. Y. 339; 26 Am. & Eng. Ency. Law, 2d ed. 720.) In the case of *Smith* v. *People, supra*, the court say:

"A clause in a statute purporting to repeal other statutes is subject to the same rules of interpretation as other enactments, and the intent must prevail over literal interpretation. One part of an act of the legislature may be referred to in aid of the interpretation of other parts of the same act." In the cases of *Mack* v. *Jastro, State Board of Health* v. *Ross,* and *Thorpe* v. *Schooling, supra,* cited in support of the rule held applicable to this case, all contain repealing sections practically identical with section 18 of the act of 1905.

Even if the rule we have held governing in this case were not applicable, nevertheless, appellant could not prevail, for the reason that the provisions of the act of 1899 relative to the granting of temporary certificates are in conflict with certain of the provisions of the act of 1905. By section 1 of the latter act it is provided: "That it shall hereafter be unlawful for any person, or persons, to practice medicine, surgery, or obstetrics in this state without first obtaining a license so to do as hereinafter provided." By section 7 it is provided: "After this law goes into effect, any person desiring to practice medicine, surgery, or obstetrics, or any of the various branches of medicine in this state, shall, before beginning to practice, procure from the state board of medical examiners a certificate that such person is entitled to practice medicine, surgery, or obstetrics, in this state," etc. If, under the provisions of the act of 1905 quoted, it is necessary to obtain a license from the state board of medical examiners before lawfully becoming entitled to practice, how can it be argued that one can also be entitled to practice upon a certificate issued simply by the secretary of the board, and upon the issuance of which the state board has not passed? The act of 1899 did not contain any similar provision making it incumbent to obtain a license from the board of medical examiners before beginning to practice. It authorized such board to issue licenses at regular meetings, and permitted the secretary of the board to grant temporary certificates between the regular meetings good until the next regular meeting of the board. Taking the act of 1905 as a whole, we think it is clearly manifest that it was the intention of the legislature to provide that no one should be per-

mitted to practice medicine, surgery, or obstetrics in this state, except after obtaining a license so to do from the state board of medical examiners.

It is argued that, as only two regular meetings of the board are provided for per annum, a construction of the statute as here given will impose a great hardship on those seeking to enter the practice between such regular meetings, and to impute such intention upon the legislature would be unfair to that body. Doubtless the legislature in the passage of the act of 1905 was considering the public good, rather than the convenience of private individuals; but the legislature also doubtless intended to obviate the inconvenience that applicants to practice might experience from being unable to longer obtain temporary certificates by the provision, not found in the act of 1899, permitting special meetings of the board to be held at the call of the president of the board upon two weeks' published notice.

The conclusion we have reached upon the main question makes it unnecessary to consider others presented in the record.

The judgment and order of the trial court are affirmed.