## People of the State of Illinois, for use of the State Board of Health, v. Peter R. Langdon.

### Gen. No. 4,493.

1. PRACTICE OF MEDICINE—*how statute providing for penalty for, without license, construed.* This statute is highly penal and should be strictly construed.

2. PRACTICE OF MEDICINE—*to whom statute providing for penalty for, without license, does not apply.* This statute has no application to a person who was engaged in the practice of midwifery prior to its enactment.

Action of debt. Appeal from the Circuit Court of Kankakee County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

W. H. STEAD, Attorney-General, and J. BERT MILLER, State's Attorney, for appellant.

T. F. DONOVAN and T. W. SHIELDS, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

This is an action of debt brought in the name of the People for the use of the State Board of Health, against appellee, charging him with unlawfully practicing medicine and surgery without having a license from the said board.

In none of the counts of the declaration as the same was finally passed on, was it charged that appellee had begun to practice medicine and surgery since the first day of July, 1899.

Section 2 of the Act of July 1, 1899, so far as the same relates to the question here involved, is as follows: "No person shall hereafter begin the practice of medicine, or any of the branches thereof, or midwifery, in this State without first applying for and obtaining a license from the State Board of Health to do so."

Section 13 provides a penalty of $100 for the first and $200 for each subsequent offense, to be recovered in an action of debt.

A demurrer was sustained to each count of the declaration and the plaintiff below electing to stand by the declaration the suit was dismissed and this appeal follows.

The only question presented for decision is whether the statute of 1899 relating to the practice of medicine is violated by a person who has commenced to practice before the statute of 1899 went into effect, and continued after it went into effect without the license therein required.

This statute is highly penal and as against a person charged with its violation must be strictly construed. Sutherland Stat. Const., vol. 2, sec. 337, 2nd ed., and cases there cited. The construction of this statute was involved in the case of State Board of Health v. Ross, 91 App. 281, which was appealed to the Supreme Court and the opinion of Mr. Justice Windes of the First District was adopted by the Supreme Court. State Board v. Ross, 191 Ill. 87 In relation to section 2 of the Act, it is there said : " The provision of section 2 above quoted to the effect that no person shall hereafter begin the practice of medicine without first obtaining a license from the State Board of Health, by implication, excludes persons practicing medicine prior to the date July 1, 1899, when the act went into effect." While this particular section of the statute was not directly involved in the Rose case, still, since the court was applying the familiar rule that in arriving at the true meaning of the law, every part of the act may be considered, the statement above quoted cannot properly be classed as mere *obiter dictum*. But even if it be said that the remark was not necessary to the decision in the Rose case and that its struggle for future recognition is embarrassed by the circumstance that its first appearance was as an *obiter dictum*, still this does not argue that it is not good law. Many of our most sacred canons of the common law were first introduced as the mere *dicta* of some wise judge. A *dictum* that possesses the quality of being sound law can always be safely followed. If this be *dictum*, it possesses the saving grace of sound reason, and insofar as the unqualified approval of this court can do so, we desire to res-

cue it from oblivion by affirming the judgment of the learned trial judge, which is accordingly done.

*Affirmed.*

Mr. Justice DIBELL having passed on some of the pleadings in this case at the Circuit, took no part in this decision.