[Civ. No. 1156.    Second Appellate District.—May 17, 1912.]

SANTA ANA SCHOOL DISTRICT OF ORANGE COUNTY, CALIFORNIA, a Public Corporation, and WM. R. STATTS CO., a Corporation, Petitioners, v. T. B. TALBERT, Chairman of Board of Supervisors of Orange County, California, Respondent.

SCHOOLS—ELECTION TO ISSUE BONDS IN CITY OF FIFTH CLASS—ACT OF 1909—REVISION AND REPEAL OF EARLIER STATUTES.—The authority of a board of education and a school district in a city of the fifth class is given by the act approved March 20, 1909. That act is a complete revision of the subject to which earlier statutes related, and is manifestly intended as a substitute for the former legislation, and prior acts relating to the subject must be considered as repealed.

Id.—PURPOSES OF BONDS CONFINED TO SPECIFICATIONS IN STATUTE—
   INVALIDITY.—The purposes for which the bonds are to be issued
   and sold must be confined to those specified in the act of March
   20, 1909. If bonds are to be issued and sold for purposes not
   contemplated by the statute, the invalidity of such bonds is conceded.

Id.—ADDITIONAL WORDS, "AND AFFORD BETTER FACILITIES FOR EDUCAT-
   ING SCHOOL CHILDREN"—EXPRESSION OF CONCLUSION AS TO EFFECT.
   The additional words, after expressing the statutory purposes, "and
   afford better facilities for educating the school children within said
   school district," is not to be construed as expressing an additional
   purpose for the issuance of the bonds, but rather as expressing a
   conclusion as to the effect of the issuance and sale of the bonds
   for the improvements and purposes specified in the statute, and as
   affording "better facilities" for that end.

APPLICATION for writ of mandate to the chairman of
the board of supervisors of Orange County.

The facts are stated in the opinion of the court.

Williams & Rutan, and W. F. Heathman, for Petitioners.

L. A. West, District Attorney, and A. E. Koepsel, Assistant
District Attorney, for Respondent.

ALLEN, P. J.—The verified petition of the parties bene-
ficially interested alleges that the Santa Ana School District
and the boundaries and territory comprising said school dis-
trict are the same as that of the city of Santa Ana, a munici-
pal corporation of the fifth class; that on the fourteenth day
of November, 1911, the board of education of the city of
Santa Ana, at a regular meeting of said board by unanimous
vote, resolved to call a special election of the qualified voters
of said school district for the purpose of submitting to said
voters the question whether or not $25,000 in bonds of said
school district should be issued and sold "to raise money for
the purpose of purchasing school lots and for building one
more schoolhouse and supplying the same with furniture,
necessary apparatus, and for improving the grounds of said
schoolhouse within said district, and afford better facilities
for educating the school children within said school district";
that said special election was duly held under proper and legal
notice; that due and proper canvass and return of the votes
cast at said election was made; that more than two-thirds of

the votes cast were in favor of issuing the said bonds, all of which was entered upon the minutes of said board of education and the same were duly certified to the board of supervisors of Orange county, together with all proceedings had in the premises; that on the ninth day of January, 1912, said board authorized and directed the issuance and sale of said bonds of said school district, due notice thereof being given, sealed bids received, opened, and the said bonds were awarded to said Statts Company, a corporation; that on the same day the board entered upon its minutes the form of said bonds and of the interest coupons attached thereto, fixing the time when the whole or any part of the principal of said bonds would be payable, which time was not more than forty years from the date thereof; that in the form prescribed it was required that the chairman of said board of supervisors should sign each and every one of said bonds; that the total amount of said bonds so issued does not exceed five per cent of the taxable property of the district as shown by the last equalized assessment-book of the county; that said bonds were prepared and presented to the said defendant, chairman of said board, for signature and he refused, and still refuses, to attach his signature thereto as chairman of the board of supervisors. Petitioners therefore ask for a writ of mandate commanding the said chairman of the board of supervisors to so attach his signature, and their petition presents reasons sufficient to warrant the issuance of the writ by this court in the first instance.

The action of the chairman of the board of supervisors in refusing to sign and the resistance to the issuance of this writ are based solely upon the ground that the phrase, "and afford better facilities for educating the school children within said school district," is within itself an expressed purpose, in addition to the other purposes mentioned, and one not recognized by statute as a purpose for which bonds may be issued. The authority of a board of education and a school district in a city of the fifth class to call an election for the issuance of bonds is given by the act approved March 20, 1909. (Stats. 1909, p. 528.) This act being a complete revision of the subject to which earlier statutes related, is manifestly intended as a substitute for the former legislation, and such prior acts in relation to the subject must be considered as repealed. (*State* v. *Conkling,* 19 Cal. 501; *Mack* v. *Jastro,* 126 Cal. 130,

[58 Pac. 372].)    Section 1 of the act above mentioned pro-
vides: ''The board of education of any school district in a city
of the fifth class, . . . may, when in their judgment it is ad-
visable, . . . call.an election and submit to the electors of the
district whether the bonds of such district shall be issued and
sold for the purpose of raising money to purchase school lots,
and for building or purchasing or repairing one or more
schoolhouses, and supplying the same with furniture, neces-
sary apparatus, and improving the grounds, and for liquidat-
ing any indebtedness already incurred for such purposes.''
If, as contended by respondent, the bonds are issued and sold
to raise money for purposes not contemplated by the statute,
the invalidity of the bonds is conceded.    The sole question,
then, for determination upon the application for this writ is
whether or not the words, ''and afford better facilities for
educating the school children within said school district,'' are
in themselves an expression of a purpose.    We are of opinion
that such language cannot be held to amount to the declara-
tion of a purpose.    Had the resolution of the board of educa-
tion contained only this clause as the purpose for which the
bonds were proposed to be issued, there should be no contro-
versy as to the insufficiency of the resolution to declare a
purpose.    If, then, no purpose would be declared because of
its indefinite character, no purpose is expressed merely be-
cause it is added to the other expressed purposes.    If the word
''and'' had been omitted, we take it that there would be no
controversy in relation to this matter; that the remainder
of the phrase would be accepted as a conclusion of the board
with reference to the effect and object of the purposes there-
inbefore specifically expressed.    The language of the resolu-
tion defined clearly certain purposes which, under the statute,
were sufficient to authorize the calling of an election.    The act
of 1909 does not require that the purposes shall be designated
in the notice of election, but does require that they be ex-
pressed in the resolution directing the call for such an elec-
tion.    Some significance may be attached to the omission of
the word ''to'' in the clause mentioned as indicating the
effect which should be given the expression.    We think, cor-
rectly speaking, that the clause should be read, ''and affording
better facilities,'' etc., as indicative of the object of the pre-
ceding expressed purposes.    To our minds, this objectionable

clause was but an expression of opinion by the board that the building of the schoolhouses, etc., would thereby afford better facilities. While such expression was unnecessary and added nothing to the resolution, we do not feel willing to conclude that its effect was to add an additional purpose to those properly expressed purposes preceding it.

Writ granted.

James, J., and Shaw, J., concurred.