JOHN C. WEGNER,
*Referee.*

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ARCHIE BROWER, PETITIONER, v. FRANKLIN TOWNSHIP AND FRANKLIN TOWNSHIP FIRE DEPARTMENT NO. 1, RESPONDENTS.

Decided April 1, 1937.

For the petitioner, *Theodore Strong & Son.*

For the respondent, *Clarkson A. Cranmer.*

In the above entitled matter question has arisen as to the liability of the respondent to wit: Township of Franklin in Somerset county.

Petitioner was injured August 3d, 1936, while driving a fire truck which turned over, injuring him, necessitating hospitalization and medical treatment.

From the testimony, petitioner was a member of Franklin Fire Company No. 1. He also acted in the capacity of secretary to the company.

Sufficient evidence was produced by petitioner to substantiate his membership in the said company as well as to prove said company consisted of volunteer firemen fully recognized as such by law under a granted charter and under the control of respondent's common council. It was further adduced by evidence that fire company received the sum of $100 per year which was annually budgeted by the authorities of such township for that purpose and for fire protection.

Chapter 355, laws of 1931 (*N. J. Stat. Annual* 1931, § **236-37) which amends the original Compensation act includes in section 1 as to those covered by the act "every volunteer fireman doing public fire duty under the control or supervision of any commission, council, or any other governing body of any municipality or of any fire district within the state, who may hereafter be injured, &c."

It further reads that "he shall be compensated under and by virtue of section 2 of the act, &c."

The amendment itself does not provide upon what basis compensation is to be determined.

It is a primary rule of construction that all statutes should be so construed as to carry into effect the true intent of the legislature. We believe this rule of following the intention of the legislature applies as well to the construction of several statutes, considered together, as it does to the interpreta-

tion of a single statute, considered above. See *Thorpe* v. *Schooling*, 7 *Nev.* 17. The object in either case is to ascertain what is the law.

Chapter 172, laws of 1931 (*N. J. Stat. Annual* 1931, § **236-38a(1), which requires and authorizes municipalities, &c., to provide compensation insurance for volunteer firemen provides under paragraph 2 the basis which compensation is to be paid under the elective schedule of the Compensation act. The basis is the weekly salary or compensation received in private employment.

Franklin township carries no compensation insurance and therefore holds this schedule does not apply to them.

I feel that the intent of the legislature is apparent when both chapter 355 and chapter 172, laws of 1931 (*supra*) are considered together. I cannot conceive of any circumstance under which the legislature would provide for a lower or higher basis for compensation for volunteer firemen when a provision is already established when municipalities are insured.

I am, therefore, holding that:

1. Petitioner under the term of the act is an employe of Franklin township.

2. That he met with an accident arising out of and in the course of employment.

3. That he is entitled to compensation based upon his weekly wage in private employment.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN C. WEGNER,
*Referee.*